CHIASSON, Judge.
On November 7, 1973, defendant was ordered to pay the sum of $200.00 per month to plaintiff for the support of his two minor children. In June of 1976 one of the children reached the age of majority and defendant filed a petition and rule to reduce the amount of child support. At the same time he stopped paying $200.00 per month and began paying the sum of $100.00 per month for the support of the remaining minor child.
The rule to reduce child support was tried on December 23, 1976, and by judgment signed on January 6, 1977, but effective as of January 1, 1977, child support was reduced to the sum of $150.00 per month. No appeal was taken as to the judgment of January 6, 1977, but on April 22, 1977, plaintiff filed the instant rule seeking past due support in the sum of $700.00 representing the difference between the amount called for in the judgment of November 7, 1973, and the amount paid by defendant until the reduction took effect on January 1, 1977.
Plaintiff also seeks to recover attorney’s fees for having to bring the action to collect the past due support. On May 25, 1977, judgment was rendered dismissing the rule to affix arrearage. From that judgment, plaintiff filed this appeal and assigns as errors the failure of the trial court to grant her a judgment for such arrearage, and the failure of the trial court to award her reasonable attorney fees in connection with the rule nisi.
In the recent decision of Halcomb v. Halcomb, 352 So.2d 1013 (La.1977), the Supreme Court held that reduction of or discharge from a judgment condemning one to pay alimony must be sued for by the party against whom the judgment was rendered and therefore the husband who is condemned to pay child support has no right to proportionately reduce the in globo award in favor of the children as they attain the age of majority. It was further held that the wife who is charged with the legal care, custody and control of the children of the marriage has the right to sue for past due support payments that accrue until the husband seeks a reduction thereof. Therein, the court stated:
“ . . . unless automatic reduction, modification or termination is provided for by operation of law, the award remains enforceable notwithstanding that a cause for reduction may have occurred which would, upon proper suit, warrant such a reduction. Support for this rule is found in a proper regard for the integrity of judgments. Such a regard does not *877 condone a practice which would allow those cast in judgment to invoke self-help and unilaterally relieve themselves of the obligation to comply. Any other rule of law would greatly impair the sanctity of judgments and the orderly processes of law. To condone such a practice would deprive the party, in whose favor the judgment has been rendered, of an opportunity to present countervailing evidence, and at the same time deny the judge an opportunity to review the award in light of the alleged mitigating cause which had developed since its rendition.”
On the basis of the Halcomb decision we find that the judgment of the trial court was in error. Since the judgment of January 6, 1977, reducing the defendant’s payments to $150.00 was not given retroactive effect to the time of the filing of the rule to reduce, plaintiff is entitled to recover the sums that are past due and owing under the judgment of November 7, 1973, until the effective date of the judgment of 1977, said sums amounting to $700.00.
With respect to the request for attorney’s fees this court has recently held that such are not allowable in suits for the collection of child support or alimony in arrears arising prior to the effective date of Act No. 462 of the Third Regular Session of the Legislature of 1977. Smith v. Smith, La.App., docket number 11,790, 357 So.2d 873. For this reason the same are denied herein.
For the above reasons the judgment of the trial court is reversed and judgment is hereby rendered in favor of Helen Ann Butler Almond and against Pat William Almond in the sum of $700.00, with legal interests thereon from date of judicial demand until paid and for all costs of these proceedings.
REVERSED AND RENDERED.