366 So.2d 1022 (1978)
Brenda Thomas GARDNER
v.
Roy Gene GARDNER.
No. 12336.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
Robert R. Rainer, Baton Rouge, of counsel for plaintiff-appellee Brenda Thomas Gardner.
David L. Dawson, Jr., Baton Rouge, of counsel for defendant-appellant Roy Gene Gardner.
Before LANDRY, COVINGTON and PONDER, JJ.
*1023 LANDRY, Judge.
Defendant (Appellant) appeals from judgment increasing child support payments due plaintiff (Appellee) for the support of the parties' minor son, and also awarding Appellee attorney's fees incident to Appellee's rule to increase alimony and make executory unpaid medical expense owed by Appellant for medical services furnished the child. We affirm.
The parties were divorced by judgment rendered November 25, 1975, which decree awarded custody of the child, then five years old, to Appellee. In addition to ordering Appellant to pay child support in the amount of $85.00 every two weeks, the trial court also ordered Appellant to pay hospitalization insurance on the child and onehalf of all medical and dental bills not covered thereby.
Appellant has paid all alimony payments when due. Between March and August, 1977, Appellee incurred medical expense in the sum of $280.00 for psychological treatment and consultation for her son who was having emotional problems. Hospitalization insurance maintained by Appellant discharged $50.00 of this amount, leaving a balance of $230.00 to be shared by Appellant and Appellee pursuant to the judgment of divorce. Appellee paid her share of the obligation and by letter dated March 20, 1978, made demand on Appellant for payment of Appellant's share, $115.00. Appellant declined to pay $115.00 because he felt a portion of the charge represented consultation for Appellant herself.
This present rule seeks to hold Appellant in contempt, make executory Appellee's claim for medical payment in the amount of $115.00, increase the bi-monthly alimony payments, and recover attorney's fees for making the past due payment of medical expense executory. Appellant has reconvened requesting a reduction in the alimony payments previously ordered. Appellant shows that he has remarried and has one child by his second wife and, in addition, his present spouse has custody of two children of her prior marriage.
Immediately prior to hearing the present rules, Appellant paid Appellee the $115.00 medical expense demanded. Consequently, the hearing was limited to Appellant's claim for an increase in child support and attorney's fees allegedly due for having to institute suit on the medical expense claim.
The trial judge increased child support payments from $85.00 to $100.00 every other week but declined to hold Appellant in contempt for failing to pay the medical expense claimed, apparently upon finding Appellant was in good faith in questioning the amount of the bill presented. In this regard, the record reflects that a portion of the medical charges was for medical consultation with Appellee concurrent with consultations for the child. Finding that consultation for Appellee was an integral part of the child's treatment, the trial court awarded $100.00 as attorney's fees reasonably attributable to Appellee's action to reduce to judgment the amount claimed for medical expense incurred for the child. Appellant contends the trial court erred in increasing the alimony award and granting attorney's fees.

INCREASE IN CHILD SUPPORT
Each party spent considerable time in presenting a detailed, itemized account of their respective monthly household expenses. The record discloses that at the time of divorce in 1975, Appellee was earning approximately $433.00 monthly and was provided $50.00 monthly insurance benefits by her employer. Additionally, Appellee received $170.00 monthly child support payments from Appellant. At this same time, Appellee's expenses approximated $522.00 per month. Since the divorce, Appellee has obtained new employment netting her $625.00 per month income. As submitted at trial, Appellee's present monthly expenses total over $1,000.00. A pay increase of $75.00 per month granted Appellee in the current year has been offset by a $70.00 per month increase in the rent for her subsidized apartment since rent is based upon her income.
*1024 Appellant is presently employed at a net monthly pay of $1,280.00. His present spouse receives $300.00 monthly support for the two children of her prior marriage. In addition, Appellant's present wife received $7,000.00 or $8,000.00 cash in settlement of her prior community as well as some furniture, appliances and an automobile. A portion of said cash settlement was used to purchase a tract of land upon which Appellant and his present wife plan to build a family home. Appellant concedes that he deposits $50.00 monthly in a savings account for the benefit of his child of his second marriage.
Trial courts are vested with considerable discretion in awarding child support incident to actions for separation or divorce. Shanklin v. Shanklin, 339 So.2d 1262 (La.App. 1st Cir. 1976); Phillips v. Phillips, 319 So.2d 566 (La.App. 4th Cir. 1975).
Under the circumstances of this case, we find no abuse of the trial court's discretion in increasing child support payments by the sum of $30.00 per month.

ATTORNEY'S FEES
Despite Appellant's payment of the $115.00 claimed by Appellee as medical expense for which Appellant was liable pursuant to the original alimony decree, the trial court nevertheless awarded $100.00 attorney's fees which the trial court felt was adequate compensation for counsel's efforts to render this item executory. The court noted that payment immediately before trial of the rule was prompted by the demand brought by counsel and, therefore, attorney's fees were allowable pursuant to La. R.S. 9:305 (Act 462 of 1977) which pertinently provides:
"When the court renders an executory judgment incorporating the payment of child support or alimony in arrears, the court may award reasonable attorney fees in favor of the prevailing party."
Appellant maintains the statute is applicable only when judgment is rendered making arrearages executory and no such decree was entered herein because Appellant voluntarily paid the amount claimed for this item.
It is Appellant's position that the legislature intended La.R.S. 9:305, above, as a penalty imposed on a parent delinquent in support payments due a minor child.
Our prior jurisprudence evidences some difference of opinion among the intermediate appellate courts on this issue, despite the following pronouncement on the subject by our Supreme Court in Newson v. Newson, 176 La. 699, 146 So. 473 (1933):
"It is the duty of a father to contribute to the support of his child. Civ. Code, art. 229.
. . . Alimony, it may be said, is essential for the child's sustenance. When payment of it is refused, or a sufficient amount is refused, the child should be placed in position to obtain it, and this may be accomplished only by allowing reasonable attorney's fees, where the child is successful. The alimony allowed should not be eaten up partially by attorney's fees, and the child thereby deprived, in part, of the object and purpose of allowing it. This is implied in the reason of the law for granting alimony. . ." (Emphasis supplied).
In Gauthreaux v. Gauthreaux, 315 So.2d 402 (La.App. 3d Cir. 1975), our brothers of the third circuit followed Newson, above, and awarded attorney's fees to a mother who filed suit to enforce payment of past due child support owed by the father.
Since the advent of La.R.S. 9:305 (Act 462 of 1977), this court in Smith v. Smith, 357 So.2d 873 (La.App. 1st Cir. 1978), and Almond v. Almond, 357 So.2d 875 (La.App. 1st Cir. 1978), and our brothers of the fourth circuit, in Compton v. Bertaut, 359 So.2d 1131 (La.App. 4th Cir. 1978), declined to apply La.R.S. 9:305 on the grounds that either the judgment in question or the attorney's services rendered antedated the effective date of the pertinent legislation. In this instance, however, the judgment and services were both rendered subsequent to the effective date of the statute.
*1025 Appellant does not dispute his obligation to pay medical expenses in this instance; he merely contests the amount. It is obvious that the amount claimed, or at least some portion thereof, was due and owing when Appellee filed her rule to make the arrearage executory. The obvious purpose of La.R.S. 9:305 is to insure that of alimony payments due a minor child, the entire sum will be available for the minor's support in the event the parent with custody is required to employ counsel to make such past due payments executory. The statute appears to be a codification of the hereinabove quoted language from Newson, above.
We are of the opinion that the salutary effect of La.R.S. 9:305 should not be allowed to be defeated by the expedient of a spouse in arrears tendering payment immediately before trial and after the spouse with custody has been compelled to engage counsel to enforce the arrearage. Any other holding would negate the purpose of such payments. For example, in the present instance, the sum of $115.00 thus recovered would be almost consumed by the attorney's fees required to enforce the obligation.
The judgment is affirmed at Appellant's cost.
Affirmed.