ALFORD, Judge.
Leonard J. Greene, husband-appellee, filed suit for a divorce in March of 1981 in the Family Court of East Baton Rouge Parish. Edith Johnson Greene, wife-appellant, answered the suit on April 7, 1981, and sought child support. On July 15,1981, the mother filed a rule to set child support.
A hearing was not held on the child support issue until August 27, 1981, at which time the parties believed they had reached an agreement fixing the support for the two children at $150.00 per month per child, plus the $316.00 per month Social Security benefits paid for the benefit of the two minor children. The Social Security benefits were paid for the children as a result of Mr. Greene’s disability which prevented him from working with his former employer, Ciba-Geigy.
Later, when the parties could not reduce the agreement of August 27, 1981, to a written judgment, the court on December 3, 1981, recalled, vacated and set aside the rule and ordered a new rule to fix the support and scheduled that hearing for December 10, 1981.
Due to delays, the matter was not actually heard on December 10, but was resched *266 uled for January 7, 1982, at which time evidence was presented regarding the support issue. Following the January 7 hearing, the Judge rendered reasons for judgment. Counsel for the parties thereafter could not agree on a written judgment in accordance with the Judge’s ruling of January 7, 1982, and accordingly, the court prepared, and on March 30, 1982, signed, a written judgment.
The specific language of the written judgment fixing the support reads as follows:
“(a) In those months in which the legal custodian, Mrs. Edith Johnson Greene, receives social security benefits in the sum of $474.00, the said Leonard J. Green shall pay unto Edith Johnson Greene the sum of $255.60, which is sixty (60%) percent of the difference between $900.00 and the $474.00 in social security benefits for the two children.
(b) In those months in which Mr. Leonard J. Greene received, but did not remit to Mrs. Edith Johnson Greene said social security benefits, he shall pay to her the sum of $729.60 representing said social security payment and sixty (60%) of the difference between $900.00 and the social security benefit.
(c) In those months in which no social security benefits were received, Mr. Greene shall pay to Mrs. Greene the sum of $540.00, representing sixty (60%) percent of the amount needed to support said children, subject to appropriate reimbursal in the event such social security benefit for that month is thereafter received by the legal custodian of said children.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Leonard J. Greene pay unto Edith Johnson Greene, on the fifteenth day of each month, commencing February 15, 1982, and continuing until modified by order of this court, for the support of Sandra Greene, sixty (60%) percent of the difference between the $450.00 per month and the social security benefit, said sum at this time being $89.46 a month, representing sixty (60%) of the difference between the sum of $450.00 needed for the support of said child and the sum of $300.90.-
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all policies of insurance currently in effect be maintained on the minor children and that the parties provide equally any medical, hospital or dental expenses, including prescription drugs, which are not covered by the policies of insurance.”
Three weeks after the signing of the judgment, Mrs. Greene filed a rule for past due child support totaling $2,473.93, alleging that Mr. Greene had paid her only $345.13 for the period from August, 1981, through the filing of the rule on April 21, 1982. According to the testimony and evidence, Mr. Greene had paid over $1,000.00 in cash payments directly to Mrs. Greene between August 15, 1981, and April 15, 1982.
According to the computations of the defendant-in-rule, which computations were not rebutted, he paid total bills of $2,198.79 and Mrs. Greene’s one-half would have come to $898.40. Under the judgment, the mother was obligated to pay one-half of all sums not covered by insurance. She did not do this.
The trial judge stated in his reasons for judgment on May 27, 1982, dismissing Mrs. Greene’s rule:
“In view of the unusual circumstances of this case and the retroactive effect given to the judgment, it was the Court’s purpose in providing for due and appropriate credits to allow Mr. Greene to claim appropriate credits as to the retroactive aspects of the judgment, whether paid directly to Mrs. Greene, or otherwise paid.”
The trial judge went on to state:
“The record shows that if such credits are allowed, Mr. Greene has more than complied with his support obligation and there is no arrearage.”
*267 We agree with the trial judge’s vacating and setting the rule aside.
Appellant strongly relies on the cases of Thompson v. Courville, 372 So.2d 579 (La.App. 3rd Cir.1979) and Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir. 1974), writ not considered, 293 So.2d 179 (La.1974), writ denied, 293 So.2d 187 (La.1974), for the proposition that the obligation of the father is to support the minor children by making payments to the custodial mother and it is only by so complying that he fulfills this obligation. In those two cases the court was dealing with cash payments only. Here we are dealing with the parties bearing medical expenses equally as well as for cash payments. Appellants argument here is without merit.
Plaintiff-in-rule — appellant cites the case of Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir.1979), which states that the party in whose favor a support judgment is rendered is entitled to spend those payments as he or she chooses and has the unrestricted right to determine how the funds will be disbursed.
The Seifert case is not similar to the case before the court. In that ease, the judgment fixed $100.00 per month support. The main issues before the court were whether or not the wife could waive support payments and if in fact such a waiver had taken place. It is true that in the Seifert case the court denied the claim for credits for payments made directly for the benefit of the children, but the court’s ruling on that point was that the denial was based only on a lack of proof in the record of the payments having been made and made for the' benefit of the children. The Seifert case seems to indicate to this Court that under certain circumstances a father might be entitled to a credit for payments-made directly for the benefit of the children. In the instant case, the judgment allowed it. We can find no error in the trial courts making such an allowance.
Mrs. Greene claims that the trial court ought not allow itself to be placed in the position of an accountant computing every donation made by the father to the child as credit for support. Rodriguez v. Rodriguez, 245 So.2d 765 (La.App. 4th Cir.1971).
Defendant-in-rule — appellee prepared all of the records and documents which were introduced into evidence as defendant’s exhibits. He prepared all of the accounting data and information for submission to the court. The facts of this case do not indicate numerous unsubstantiated donations to the children. Appellant’s argument in this regard is also without merit.
Appellant also has cited the case of Hartley v. Hartley, 349 So.2d 1258 (La.1977), for the proposition that only debts which are equally liquidated and demandable may be offset. In this particular case, the medical expenses were itemized at trial with sufficient proof submitted to the court to show that the amounts were equally liquidated and demandable and therefore do not fall within the language of Hartley.
The lower court heard the facts and found that Mr. Greene had sufficiently complied with the judgment. This was based upon the totality of the circumstances and facts which had been before the trial judge between August of 1981 and the hearing on the rule in May of 1982. The judge had provided for due and appropriate credits to be given to Mr. Greene, not solely to cover social security benefits but to cover an interim period in which the parties were operating without the benefit of a judgment. With this conclusion we cannot argue.
Inasmuch as we have determined that appellee owes no arrearage in support payment, it follows that he does not owe any attorney fees as provided in LSA-R.S. 9:305 which has to do with an action to make past due alimony or child support executory.
We are convinced that the decision of the trial court is correct and is affirmed at appellant’s costs.
AFFIRMED.