470 So.2d 371 (1985)
James M. SHARP
v.
Mary Catherine Hughson SHARP.
No. 85-CA-34.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
James J. Donelon, Donelon & Donelon, Metairie, for plaintiff-appellant.
A.W. Wambsgans, Cronvich, Wambsgans & Michalczyk, Metairie, for defendant-appellee.
*372 Before KLIEBERT, BOWES and CURRAULT, JJ.
CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division "K", Parish of Jefferson, wherein the Honorable Alvin R. Eason ruled: that (1) the custody of the minor James Stephen Sharp be granted temporarily to James M. Sharp; that (2) the custody of the minor Rachal Sharp remain with Mary Catherine Sharp; and that (3) the support for Rachal Sharp be increased from Two Hundred Fifty Dollars ($250) a month to Three Hundred Twenty-Five Dollars ($325) a month plus 50 percent of the tutoring cost of Rachal. We reverse.
Three children were born of the marriage between Mary Sharp and James M. Sharp. Currently, only two children, James Stephen Sharp and Rachal Sharp, are minors. On November 5, 1981, a judgment of divorce was granted by the Twenty-Fourth Judicial District Court. The judgment provided sole custody of all children to Mary Sharp; and James M. Sharp was ordered to pay child support in the amount of Two Hundred Dollars ($200) per month per child, increasing to Two Hundred Fifty Dollars ($250) per month per child commencing November 1, 1982.
On May 10, 1984, Mr. James M. Sharp filed a rule for change of custody and reduction of child support seeking the sole custody of his minor children; or alternatively, that joint custody be awarded to both parties. Additionally, Mr. Sharp moved that the child support payments of $250 per child per month be reduced. Mary Catherine Sharp moved for an increase in child support.
The parties entered into a consent judgment changing the custody of the minor son, James Stephen Sharp, from Mary Sharp to Mr. Sharp. This change was termed temporary. The rules came for hearing on July 5, 1984, and the trial court decreed that Rachal remain in the sole custody of her mother, Mary Sharp, and that James Sharp pay child support of Three Hundred Twenty-Five Dollars ($325) per month plus 50 percent of tutoring cost of Rachal. It is from this judgment that James Sharp appeals.
Appellant asserts the following specifications of error:
that (1) the trial court erred in awarding an increase in child support based upon a de novo evaluation of the "means" and "needs" of the parties; and that
(2) the trial court erred allowing the custody of the minor child Rachal Sharp to remain with her mother, Mary Catherine Sharp.
The trial court ruled, without written reasons, that the custody of the minor daughter Rachal was to remain with the appellee-mother. Although petitioned for, the record is silent as to joint custody. No mention of joint custody was made either during the litigation or at its conclusion. This is clear discernible error.
Existing custody orders are subject to joint custody modification under LSA-C.C. art. 146. Turner v. Turner, 455 So.2d 1374 (La.1984) rehearing denied; Carroway v. Carroway, 441 So.2d 494 (La. App. 2d Cir.1983). Article 146 establishes a presumption in favor of joint custody. Implementation of joint custody, however, is not mandatory and such presumption may be rebutted in accordance with LSA-C.C. Article 146(C)(2)(a)-(e).[1]Turner, supra; *373 Donaldson v. Donaldson, 459 So.2d 616 (La.App. 5th Cir.1984). Regardless of whether custody is awarded to both parents jointly, to either parent, or even to a non-parent, the appropriate standard to be applied by the trial court in determining the custody of a child of a dissolved marriage, and which is repeated throughout Article 146, is that of the "best interest of the child."
The Supreme Court, in Turner, supra, at 1379 depicted the trial judge as "a sort of fiduciary on behalf of the child," who "must pursue actively that course of conduct which will be of the greatest benefit to the child." It dictated his very purpose, in child custody cases, was "the child's emotional, physical, material and social well-being and health," in order to protect the child from "the harsh realities of the parents' often bitter, vengeful and typically highly emotional conflict."
The Supreme Court, in Turner, supra, at 1379, went on to state:
"The legislature, furthermore, went beyond the mere establishment of a guiding list, and established the rebuttable presumption that joint custody arrangements would be in the child's best interest. C.C. 146(C). This presumption has caused some confusion. Some lower courts seem to believe that the article requires granting joint custody. Such is not the case; the article clearly provides that there is only a presumption in favor of joint custody, and that it may be rebutted upon a proper showing that a different arrangement is in the child's best interest. Such a showing now must include a consideration of eleven specific, enumerated factors, plus any `other factor' which the trial court deems to be relevant. C.C. 146(C)(2)(a)-(1). Article 146 provides further that `the burden of proof that joint custody would not be in the child's best interest shall be on the parent requesting sole custody.' C.C. 146(A)(2). This provision does not create any extraordinary burden on the party requesting sole custody.
"As in any matter in which there is a rebuttable presumption, the burden rests with the party challenging the presumption to convince the fact-finder that his proposed conclusion is more correct than the presumed one. A presumption does not have any probative value, but merely provides the fact-finder that his proposed conclusion is more correct than the presumed one. A presumption does not have any probative value, but merely provides the fact-finder with a conclusion in the absence of proof to the contrary. See 9 J. Wigmore, Evidence § 2491(3) (3d ed.). `Presumptions are indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear, presumptions disappear." [Citations omitted]
"The article 146 presumption only compels the judge to award joint custody in those cases where other things are equal; or where there is insufficient evidence to rebut the presumption; or whenever neither parent alone would be able to manage a sole custody arrangement, and where it cannot be shown that it would be detrimental to the child to remain in parental custody. Effectively, the presumption only provides the judge with a first choice, which choice must be rejected in the face of evidence which tends to disprove the conclusion. In such a case, it becomes necessary for the other party to reestablish the propriety of the presumption's conclusion.

*374 "There is but one element upon which the trial court cannot base its decision. Article 146(A)(2) expressly forbids the judge from `prefer[ring]' a parent as the custodian because of that parent's sex." [Footnote omitted]
The trial court, without written reasons, allowed custody of the minor daughter Rachal to remain with appellee based apparently upon his closing remarks:
"I believe that Rachal should stay with her mother. I think it is to her best interest because, first of all, it is just a physiological fact that girl children should be with their mother if there are no serious differences. Both of these parents are very intelligent and I feel for Rachal to leave her mother at this time would be a mistake, particularly, between the age she is now and twelve, fifteen years old."
Allowing appellee to remain custodial parent, apparently based solely on gender, was clear error in violation of LSA-C.C. Article 146(C)(2).
Accordingly, for the foregoing reasons, the judgment appealed is hereby reversed and remanded for further proceedings consistent with the views expressed hereinabove. Child support award of Three Hundred Twenty-Five Dollars ($325) per month is vacated and the prior support of Two Hundred Fifty Dollars ($250) per month is hereby reinstated until the trial court reconsiders its custody award. Assessment of the costs of this appeal are to await final determination of the pending litigation.
REVERSED AND REMANDED.
NOTES
[1] The checklist in LSA-C.C. Article 146(C), as amended in 1983, reads as follows:

"(a) The love, affection, and other emotional ties existing between the parties involved and the child.
"(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his religion or creed, if any.
"(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care, and other material needs.
"(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
"(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
"(f) The moral fitness of the parties involved.
"(g) The mental and physical health of the parties involved.
"(h) The home, school, and community record of the child.
"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
"(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
"(k) The distance between the respective residences of the parties.
"(l) Any other factor considered by the court to be relevant to a particular child custody dispute."