498 So.2d 1127 (1986)
Richard M. HILBUN, Sr., Plaintiff-Appellant,
v.
Nancy L. HILBUN, Defendant-Appellee.
No. 86-57.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
Henry R. Liles, Lake Charles, for plaintiff-appellant.
Reuvan Rougeau, Lake Charles, for defendant-appellee.
Before GUIDRY, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
Plaintiff, Richard M. Hilbun, Sr., appeals from a judgment awarding defendant, Nancy Hilbun Savant, $250.00 in attorney's fees for expenses incurred in the prosecution of a rule for contempt. Defendant filed the rule alleging plaintiff was in arrears in his child support payments.
Plaintiff originally filed suit against defendant for separation from bed and board in July 1982. Pursuant to a joint stipulation, defendant was awarded the sole custody of the parties' minor child, Richard M. Hilbun, Jr., and plaintiff was ordered to pay child support in the amount of $125.00 on the first and fifteenth of each month.
In January 1983, defendant filed a rule for contempt claiming that plaintiff was in arrears in his child support payments in the amount of $625.00. Plaintiff paid this amount to defendant before trial. The trial court set the rule aside but awarded defendant $250.00 in attorney's fees. The parties were divorced in February 1983, and defendant has since remarried.
On October 10, 1985, defendant filed the rule for contempt that is the subject of this appeal. Defendant alleged that plaintiff *1128 was in arrears in the amount of $375.00. At trial, plaintiff produced cancelled checks for his payments and the court apparently found that plaintiff was only in arrears one payment at the time the rule was filed. Plaintiff testified that he mailed this particular payment and, until the rule was filed, was unaware that defendant had not received it. He later filed a mail loss/rifling report with the U.S. Postal Service.
The morning of trial, plaintiff presented defendant's attorney a check for $125.00 to replace the "lost" check. As a result, the trial court did not find plaintiff to be in arrears. However, finding good cause, the court awarded defendant $250.00 in attorney's fees. In doing so, the trial judge stressed the disordered manner in which plaintiff dated his checks and made his payments. Plaintiff admittedly postdated and antedated some of his checks. At times, defendant received a check several weeks before, or later than, its date. Plaintiff admitted that he made late payments. The trial judge stated that the court was confused, and defendant was rightfully confused, as to which checks applied to which payments.
On appeal, plaintiff contends the trial court erred in awarding attorney's fees to the defendant and in failing to award attorney's fees to plaintiff, himself. He claims such action is in contravention of LSA-R.S. 9:305.
LSA-R.S. 9:305: "When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party."
Plaintiff asserts that LSA-R.S. 9:305 only contemplates an award of attorney's fees to the prevailing party. He argues that since the trial court did not assess any arrearage against him, he prevailednot defendant. Greene v. Greene, 433 So.2d 265 (La.App. 1st Cir.1983), is cited for the proposition that since no arrearage was assessed against plaintiff, it follows that he does not owe any attorney's fees.
This argument was rejected in Gardner v. Gardner, 366 So.2d 1022 (La.App. 1st Cir.1978) wherein the court stated:
"The obvious purpose of La.R.S. 9:305 is to insure that of alimony payments due a minor child, the entire sum will be available for the minor's support in the event the parent with custody is required to employ counsel to make such past due payments executory....
We are of the opinion that the salutary effect of La.R.S. 9:305 should not be allowed to be defeated by the expedient of a spouse in arrears tendering payment immediately before trial and after the spouse with custody has been compelled to engage counsel to enforce arrearage. Any other holding would negate the purpose of such payments."
Gardner concerned an arrearage in the amount of $115.00. Although both Greene, supra, and Gardner were decided by the First Circuit Court of Appeal, and Greene is the more recent case, we feel Gardner more properly reflects the legislative intent and purpose behind the statute. Furthermore, Greene is readily distinguishable from our present case because in Greene there was a trial on the merits of the rule and no arrearage was found to be due. In our present case, an arrearage of $125 was in fact due as indicated by appellant's payment of same just before the trial began. Accordingly, we find no merit in this assignment of error.
Plaintiff further argues that the wording of LSA-R.S. 9:305, to wit, "... except for good cause ...", mandates that the court look at the cause of the failure to pay. He cites as authority Melancon v. Melancon, 428 So.2d 1191 (La.App. 5th Cir.1983). Accepting plaintiff's argument, we find the uncontradicted evidence shows that plaintiff probably mailed the check which was never received by defendant. Plaintiff reasons that this is good cause for the non-payment *1129 and therefore defendant should not be awarded attorney's fees. We disagree.
In view of the plaintiff's habit of postdating and antedating checks, his late payments, and his 1983 arrearages, we find the defendant was justified in engaging counsel and filing the rule for what she reasonably believed was at least $375.00 in arrearages. There is no evidence that the defendant acted other than in good faith.
A trial court is vested with discretion in awarding attorney's fees under LSA-R.S. 9:305. Cheramie v. Cheramie, 429 So.2d 203 (La.App. 1st Cir.1983). Considering the law and the evidence, we find the trial court did not abuse its discretion by awarding defendant $250.00 in attorney's fees and failing to award plaintiff attorney's fees.
In her brief, defendant apparently seeks damages for frivolous appeal in the form of attorney's fees and seeks an increase in the amount of attorney's fees awarded by the trial court. An appellee is required to file an answer to an appeal when she wishes to have the judgment modified, revised, or reversed in part, or demands damages against the appellant. LSA-C.C.P. art. 2133. This rule applies to attorney's fees awarded by a lower court, Fluidair Products, Inc. v. Robeline-Marthaville Water System, 465 So.2d 969 (La. App. 3rd Cir.1985), and to damages and attorney's fees for frivolous appeal, Cheramie v. Vegas, 413 So.2d 1343 (La.App. 1st Cir.1982). Plaintiff filed no answer and thus may not seek damages or attorney's fees for frivolous appeal, or an increase in the amount of attorney's fees awarded by the lower court.

DECREE
For the reasons assigned, we affirm the judgment of the trial court. Defendant's demand for attorney's fees for frivolous appeal are denied.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.