DUFRESNE, Judge.
This is an appeal by Mary Hughson Sharp from an adverse judgment on a rule to make past due alimony executory, and for contempt, brought against her former husband James M. Sharp. Because we find no error in the ruling of the trial court, we affirm.
The facts are these. The parties were divorced in 1981. Beginning November 1, 1982, child support of $250 per month was fixed by the trial court. On July 15, 1984, the support award was raised to $325 per month plus 50% of the tutoring fees for one child.
On appeal, this judgment was reversed for reasons not at issue here, the increase in child support was vacated, and the original award of $250 per month was reinstated. The case was remanded for further proceedings (470 So.2d 371 (La.App.5th Cir.1985)). That judgment became final on June 12, 1985.
On August 16, 1985, the matter was again taken up by the trial court, and judgment was rendered on November 5, 1985. That judgment stated that the 1982 award of $250 was continued in effect until November 1, 1985, and that subsequent to November 1, the award was raised to $300 per month plus 50% of tutoring fees. No appeal was taken from that judgment.
Mr. Sharp had paid $325 per month between July 15, 1984 and June 12, 1985, while the matter was on appeal. It further appears that in September, 1985, he began to set off what he considered overpayments during that period of appeal against his current support obligation. When no payment was made in November, 1985, Mrs. Sharp brought a rule to make past due payments, and tutoring charges for September, October and November executory, and for contempt. That matter was heard on February 26, 1986, and judgment was rendered April 7. The court ruled that Mr. Sharp was not in contempt and did not owe arrearages under the judgment of Novem *880 ber 5, 1985, either for support or tutoring fees. It was stipulated at the February 26 hearing that if Mr. Sharp were not allowed any set-offs, he would owe $2,250; if he were allowed a set-off for support payments, but not tutoring fees, he would owe $1,330; and if he were allowed a set-off for both, he would owe $205 (which he paid at the conclusion of the hearing). Mrs. Sharp now appeals this judgment of April 7,1986, and raises three issues.
The first is whether the reduction of a support award by an appellate court is retroactive to the date of the trial court judgment, or only effective from the date the appellate judgment becomes final. However, as Mr. Sharp correctly points out, that issue is not before us because it was decided by the trial court in his judgment of November 5, 1985, when he determined that only $250 per month was owed during pendency of the appeal. That judgment was not appealed and is now final.
We reach a similar result in regard to pre-November 1, 1985, tutoring fees. In the November 5, 1985, judgment the court stated that the 1982 award of $250 was continued in effect until November 1, 1985, and that subsequently the award was to be $300, plus tutoring fees. As no provision was made for tutoring fees in the 1982 award, Mr. Sharp was not required to pay them until November 1, 1985.
The third issue urged is whether the overpayments made by Mr. Sharp were liquidated, and thus could be set off. We conclude that they were liquidated by stipulation of the parties, and therefore were susceptible of being set-off. Greene v. Greene, 433 So.2d 265 (La.App.1st Cir.1983).
We finally note that this is a limited appeal under the provisions of La. Code Civ. Pro. art. 2129, and consequently our review is limited to the points raised by appellant. We thus do not reach the question of whether the manner in which the set-off was allowed constituted an abuse of the trial court’s discretion.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.