I2WICKER, Judge.
This appeal arises in a Jones Act case in which a judgment in favor of the plaintiff is final. See Miller v. Intern. Diving & Consulting, 669 So.2d 1246 (La.App. 5 Cir.1996). The issue before us is assessment of the costs.
After disposition of the appeal on the merits, plaintiff and defendants reached a consent judgment on May 31, 1996, which set out terms for payment of the award to plaintiff as well as for payment of costs. Although plaintiff claimed his total costs for the lawsuit were $18,569.11, he agreed in the consent judgment to settle for a lesser amount, as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, James W. Miller, reserves the *762 right to seek additional costs from the defendants, and if the defendants pay him $3,959.00 this reservation of rights will be fully satisfied * * *.
Shortly after the judgment was signed a dispute arose between the plaintiff and the defendants over payment of the costs. As an offshoot of this Jefferson Parish lawsuit plaintiff had another civil suit pending against defendants in Orleans Parish for failure to make timely payment of insurance proceeds. Defendants insisted that plaintiff dismiss the Orleans Parish suit before they would pay the costs in the Jefferson Parish suit. Plaintiff construed the defendants’ condition as a counteroffer to his stipulation to accept $3,959.00. Accordingly, he informed defendants that he had withdrawn his offer to settle the costs for that amount.
|3On November 22, 1996 plaintiff filed a motion to set costs, asserting he is entitled to the full $18,569.11 in costs.[1] On January 9, 1997, defendants tendered to plaintiff, by certified mail, a check in the amount of $3,959.30, representing payment for costs as set out in the consent judgment. On February 25, 1997 plaintiffs motion to set costs came for hearing before the district court. Upon inquiry by the trial judge, plaintiffs counsel admitted that he had accepted and cashed the check. The district court then denied the motion, stating that plaintiff is “bound by the four corners” of the consent judgment. Plaintiff has appealed.
On appeal plaintiff asserts the trial court erred in failing to rule that plaintiffs offer to settle on the amount of his court cost award was nullified by the defendants’ counter-offer on the subject. He also asserts the trial court erred in failing to set and quantify the amount of plaintiffs court costs award, together with legal interest thereon.
Plaintiff contends his stipulation in the consent judgment was an offer to settle the court costs for $8,959.00 and that defendants’ insistence on dismissal of his Orleans Parish lawsuit was a counteroffer which nullified his offer. He argues that a consent judgment is a contract between the parties, without the force of an adjudicated award. Because an offer to enter a contract can be nullified by a counteroffer, he contends the costs provision of the consent judgment was abrogated by defendants’ attempt to place a condition on the payment. Further, he contends that defendants’ failure to make payment within a reasonable time entitled him to withdraw his offer and demand the full amount he claims is due.
Alternatively, he asserts the trial court should have assessed legal interest on the $3,959.00 paid by defendants, running from May 31, 1996, when the consent judgment |4was signed, until January 9, 1997, the date defendants made unconditional tender of the amount.
Defendants contend they have complied with the consent judgment and thus that plaintiff is not entitled to recover additional costs. Alternatively, if this Court finds plaintiff entitled to recover additional costs, defendants assert that plaintiffs list of com-pensable costs is clearly unreasonable. They argue that plaintiff is entitled at most to an additional $962.79, representing the difference between what they assert are the allowable charges of $4,922.09 and the amount already tendered.
La. Civ. Code Art. 3071 defines transaction or compromise as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement *763 recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
A judgment obtained by consent of the parties gets its binding force and effect from the parties’ consent. Ritchey v. Azar, 383 So.2d 360, 363 (La.1980). Nevertheless, a consent judgment is a final judgment and any change, if warranted, must be effected according to law. Black Collegiate Services, Inc. v. Ajubita, 600 So.2d 761, 764 (La.App. 4 Cir.1992). Once the time to file a motion for new trial or to appeal the consent judgment has expired, the only recourse for a party who wishes to change the substance of the judgment is to sue to annul the judgment under La.Code Civ. P. Arts.2001 and 2002.
Compromise settlements are not invalidated lightly in the absence of bad faith, error, or fraud. Adams v. Adams, 529 So.2d 877, 879 (La.App. 4 Cir.1988). A settling party is bound by the agreement recited and acquiesced to in court. The remedy to | senforce a valid consent judgment is to bring a rule to compel the other party to comply with it. Id. Thus, plaintiff had the right to seek enforcement of the consent judgment, under which defendant was to pay him $3,959.00 to satisfy his reservation of his right to seek additional costs. In the interest of justice, we construe plaintiff’s Motion to Set Costs as a motion to enforce the consent judgment.
The judgment contained no time limitation within which defendants were to make the costs payment. Accordingly, we conclude that defendants’ payment of the stipulated amount prior to the hearing on plaintiffs motion satisfied the consent judgment. However, because a party is entitled to interest on a judgment until it is paid, plaintiff is entitled to legal interest from the date of judgment until the date of payment. La. Civ.Code Art.2000; La.Code Civ. P. Art. 1921.
For the foregoing reasons, the judgment of the district court dismissing plaintiffs Motion to Set Costs is affirmed insofar it denied assessment of costs beyond the amount stipulated in the consent judgment, but reversed insofar as it failed to award legal interest to plaintiff.
Judgment hereby is rendered in favor of plaintiff, James W. Miller, ordering that defendants, International Diving & Consulting, Inc. and David Morris Golding, as a representative of Certain Underwriters of Lloyds of London, and London Hull Maritime Insurance Company, Ltd., Chancellor Insurance Company, Ltd., Hillshire Insurance Company, Ltd., Sphere Drake Insurance Company PLC 2A/C, Dai-Tokyo Insurance Company (UK), Ltd., Ocean Marine Insurance Company, Ltd., and Prudential Assurance Company, Ltd., pay to plaintiff legal interest on $3,959.30 from May 31,1996 to and including January 9, 1997. Costs of this appeal are assessed against the defendants-appellees.

AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

. The record before us on this appeal does not contain a copy of the motion to set costs, although it does contain a copy of a memorandum in support of the motion, filed on January 2, 1997. In a motion to continue the hearing, defense counsel states the motion to set costs was filed on or about November 22, 1996, although the memorandum in support was filed later. Accordingly, for purposes of this appeal we accept November 22, 1996 as the filing date of the motion to set costs.