795 So.2d 1286 (2001)
Carol Annette Rowe RACHAL, Plaintiff-Appellant,
v.
Jerry Thomas RACHAL, Defendant-Appellee.
No. 35,074-CA.
Court of Appeal of Louisiana, Second Circuit.
October 12, 2001.
*1287 Francis M. Gowen, Jr., Shreveport, Counsel for Appellant.
*1288 Gary A. Bowers, Shreveport, Counsel for Appellee.
Before NORRIS, GASKINS and PEATROSS, JJ.
NORRIS, Chief Judge.
The appellant, Ms. Rachal, appeals a judgment rejecting her claim for past due child support, together with her demands for legal interest, costs, and attorney fees. For the reasons expressed, we reverse and render.

Facts and procedural background
On July 20, 1998, Ms. Rachal filed a petition for divorce, which was granted by rule to show cause on October 7, 1999. Thereafter, the parties entered into a consent judgment on April 17, 2000, fixing Mr. Rachal's child support obligation prospectively at $711.00 per month, making this monthly obligation retroactive to September 1999, and further awarding a lump sum of $1,000.00 for the period November 1998 through August 1999.
Subsequent to the judgment, Mr. Rachal paid the current monthly payments of $711.00 per month beginning in mid-April 2000. However, by July 2000 he had not yet paid any of the retroactive support.
Thereafter, Ms. Rachal filed on July 31, 2000 a rule to accrue past due child support, for contempt of court, income assignment order, suspension of licenses, and attorney fees.
A few days before the trial, Mr. Rachal tendered two checks in the amounts of $2,900.00 and $3,132.50 respectively, to cover the amount in arrears owed under the April 17, 2000 judgment. He had previously paid $200.00 toward the arrearage on July 20, 2000. The checks had not been negotiated as of the date of trial. The trial was held on September 5, 2000. The court dismissed Ms. Rachal's rule at her cost; the trial court held that the retroactive or past due amounts of child support awarded in the consent judgment of April 17, 2000 could not be made executory, and denied interest on the past due amounts, attorney fees, costs, and the other relief prayed for.
Ms. Rachal appeals, advancing three assignments of error.

Issues on appeal
By her first assignment of error, she urges that the trial judge's ruling that the use of summary proceedings in this case was improper, and deprived her of a money judgment, attorney fees, interest, and court costs.
Ms. Rachal's second assignment of error asserts that since the trial judge committed an error of law by refusing to recognize and "render judgment for the amount of past due child support," as mandated by La. C.C.P. art. 3946, the issue of attorney fees pursuant to La. R.S. 9:375 was not addressed or improperly addressed by the trial court.
Ms. Rachal's third assignment of error asserts that the trial court committed an error of law by not making the judgment of April 17, 2000 executory in the amount of the arrearage and legal interest, then giving Mr. Rachal credit for payments made on the arrearage and assessing costs against Ms. Rachal.

Discussion
A trial court's finding of fact will not be disturbed unless the record establishes that a factual, reasonable basis does not exist and the finding is clearly wrong or manifestly erroneous. Orthopaedic Clinic of Monroe v. Ruhl, 34,700 (La.App. 2 Cir. 5/11/01), 786 So.2d 323. Under the manifest error standard of review, the only issue to be resolved by the appellate court is whether the trial court's conclusion was a reasonable one. Carr v. Oake Tree Apartments, 34,539 (La.App. 2 Cir. 5/9/01), 786 So.2d 230.
*1289 By her first assignment, Ms. Rachal contests the trial court's failure to allow the use of summary proceedings in this case. We find that La. C.C.P. art. 2592 provides that Ms. Rachal was clearly entitled to a summary proceeding. La. C.C.P. art. 2592 states:
"Summary proceedings may be used for trial or disposition of the following matters only:
(8)The original granting of, subsequent change in, or termination of custody, visitation, and support of a minor child." (Emphasis added).
Moreover, La. C.C.P. art. 3946 authorizes a "contradictory motion" to have the amount of past due child support determined and made executory. Therefore, we find that under La. C.C.P. arts. 2592 and 3946, the use of a summary proceeding is clearly allowed.
By her third assignment, Ms. Rachal contests the trial court's failure to make past due child support executory and to award interest. A consent judgment is the equivalent of an agreement between parties. Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762, citing McLain v. McLain, 486 So.2d 1044 (La.App. 2 Cir. 1986); Williams v. Williams, 586 So.2d 658 (La.App. 2 Cir.1991); McDaniel v. McDaniel, 567 So.2d 748 (La.App. 2 Cir. 1990). Jurisprudence has recognized that parents may enter into a consent judgment to establish child support. Stogner v. Stogner, supra; Hogan v. Hogan, 549 So.2d 267 (La.1989); McDaniel v. McDaniel, supra.
The trial court found that the consent judgment was ambiguous because it did not specify a time frame for the payment of the past due child support. We disagree. The consent judgment is clear and unambiguous. Mr. Rachal consented in open court on April 17, 2000 to an award of specific sums of past due child support in favor of Ms. Rachal. The stipulated past due lump sum and retroactive payments were due and payable upon the entry of the judgment, April 17, 2000. See, Key v. Willard, 488 So.2d 1147 (La. App. 2 Cir.1986). The judgment does not grant a grace period for Mr. Rachal to pay the past due support. Certainly Mr. Rachal could have requested such a provision if needed. A consent judgment is normally effective upon entry. Key v. Willard, supra. In fact, Mr. Rachal admitted as much by tendering these sums to Ms. Rachal prior to the instant hearing. The trial court's conclusion that the judgment is ambiguous is plainly wrong.
A judgment of child support remains in full force and effect in favor of the party to whom it is awarded until the party ordered to pay has the judgment modified or terminated by a court. Halcomb v. Halcomb, 352 So.2d 1013 (La. 1977); Dugdale v. Dugdale, 34,014 (La. App. 2 Cir. 11/1/00), 771 So.2d 827. The parties may modify or terminate a judgment of child support by conventional agreement if it does not interrupt the children's maintenance or upbringing and is in their best interests. Dubroc v. Dubroc, 388 So.2d 377 (La.1980). The party asserting an extrajudicial modification of a child support judgment has the burden of proving a clear and specific agreement. (Emphasis added). Dugdale, supra.
Mr. Rachal argues he had such an agreement, to defer payment until the community property was settled. He nevertheless made an initial payment of $200.00 on arrearages before the instant rule was filed. He admitted at the hearing that he owed the past due support, had failed to pay it, and finally did so when he was able. He later testified, however, that he "assumed" they had reached an agreement to defer payment; Ms. Rachal steadfastly denied this. The trial court equivocally stated that there might have been an *1290 agreement "by understanding of both parties, or at least one party, that this amount would be settled by way of the property settlement." The evidence, the trial court's tentative dictum, and Mr. Rachal's self-serving testimony do not clearly prove that there was a specific agreement to defer payments, and that such an agreement was in the best interest of the children, as required by the jurisprudence. Since there was no modification, the failure to make the April 17, 2000 judgment awarding past due child support executory was plainly wrong.
With regard to the issue of legal interest, we disagree with the trial court's conclusion that Ms. Rachal is not entitled to recover interest on the past due child support payments. La. C.C.P. art. 1921 provides that "the court shall award interest in the judgment as prayed for or as provided by law." (Emphasis added). While we reverse the trial court's denial of, we acknowledge that interest did not accrue prior to the rendering of the consent judgment of April 17, 2000. This is because that judgment is silent as to the payment of interest on the amounts stipulated therein as past due. According to La. C.C. art. 2000, Ms. Rachal is entitled to legal interest from the date of the judgment, April 17, 2000, until Mr. Rachal made his final payment, on September 2, 2000. As stated in La. C.C. art. 2000:
When the object of performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by Article 2924.-* * *
See also, Miller v. International Diving & Consulting Serv., Inc., 97-737 (La.App. 5 Cir. 11/25/97), 703 So.2d 760. Therefore, we reverse the portion of the judgment which denies Ms. Rachal legal interest, and award legal interest from April 17, 2000, until paid.
By her second assignment Ms. Rachal asks that we reverse the trial court's ruling denying an award for attorney fees. She cites La. R.S. 9:375 to support this contention. La. R.S. 9:375 states:
"A. When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse's education or training, it shall, except for good cause shown, award attorney's fees and costs to the prevailing party." (Emphasis added).
Because we are rendering a judgment making past due child support executory, subject to credit, this case satisfies the first sentence of La. R.S. 9:375. She is therefore entitled to reasonable attorney fees unless the trial court finds good cause not to award them.
Even if we were not rendering judgment to make past due support executory, i.e., if we considered Mr. Rachal's tender of the arrears three days prior to the hearing as a satisfaction of the principal of the past due child support provided in the consent judgment, we would still find attorney fees appropriate. The trial court erroneously interpreted two cases argued at trial by Ms. Rachal: Gardner v. Gardner, 366 So.2d 1022 (La.App. 1st Cir.1978), and Hilbun v. Hilbun, 498 So.2d 1127 (La.App. 3rd Cir.1986).
Contrary to the trial court's conclusion, the defendant in Gardner, supra, paid the full arrearage "immediately before trial," and the defendant in Hilbun, supra, paid the full arrearage the "morning of trial." Thus, both Gardner, supra and Hilbun, supra are analogous to the present case because Mr. Rachal also tendered almost *1291 all arrears just a few days before trial (August 30 and September 2), after Ms. Rachal was compelled to collect the arrearage. Likewise, the spouses in Gardner, supra and Hilbun, supra had also employed counsel to collect the arrearage.
In Gardner v. Gardner, supra, the court correctly noted:
"The obvious purpose of La. R.S. 9:305 (now 9:375) is to insure that of alimony payments to a minor child, the entire sum will be available for the minor's support in the event the parent with custody is required to employ counsel to make such past due payments executory * * * We are of the opinion that the salutary effect of La. R.S. 9:305 (now 9:375) should not be allowed to be defeated by the expedient of a spouse in arrears tendering payment immediately before trial and after the spouse with custody has been compelled to engage counsel to enforce arrearage. Any other holding would negate the purpose of such payments." Gardner v. Gardner, supra.

Hilbun v. Hilbun, supra, voices the same policy. It would be counter to the ratio legis of La. R.S. 9:375 to deny attorney fees and costs to a mother who has to file a lawsuit in order to collect past due child support when the father pays the arrearage immediately before trial.
We find that the trial court abused its discretion in not awarding attorney fees to Ms. Rachal under the facts of this case. The reasons relied upon by the trial court are not sufficient to constitute "good cause" under La. R.S. 9:375 when one considers that Mr. Rachal: first, entered into a consent judgement consenting to the retroactive support; second, testified that he knew he owed it; third, admitted to trying to postpone paying it until the community property settlement; and fourth, his net arrearage exceeded $6,000.00. These facts do not amount to good cause.
Finally, we address the amount of attorney fees. Ms. Rachal's contract with counsel called for a contingency fee payment of one-third of any sum recovered through settlement or the trial court, 40% of the recovery should the matter be appealed to the court of appeal, and 50% if the matter should be appealed to the supreme court. Under RPC 1.5, contingency fee agreements in domestic relation matters are strictly prohibited.[1] As this is an action for child support arrearage, it clearly falls under this category. Only reasonable attorney fees may be awarded under La. R.S. 9:375.
We are cognizant that an "appellate court shall render judgment which is just, legal, and proper upon the record on appeal." La. C.C.P. art. 2164. The purpose of this article is to give an appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed upon by the court below. Wheeler v. Kelley, 28,379 (La.App. 2 Cir. 11/7/95), 663 So.2d 559, 561, writs denied, 95-2721 (La.1995), 664 So.2d 404, 405. We have the whole record before us and find thereon that $750.00 is a reasonable attorney fee for the services rendered by Mr. Gowen.

Conclusion
For the foregoing reasons, the judgment of the trial court is reversed and judgment is hereby rendered in favor of the plaintiff, *1292 CAROL ANNETTE ROWE RACHAL, and against the defendant, JERRY THOMAS RACHAL, in the amount of Six thousand, three hundred thirty-two and 50/100 ($6,332.50) Dollars, together with legal interest thereon from April 17, 2000 until paid; but subject to credit for payments of Two hundred and 00/100 ($200.00) Dollars on July 20, 2000; Two thousand, nine hundred and 00/100 ($2,900.00) Dollars on August 30, 2000; and Three thousand, one hundred thirty-two and 50/100 ($3,132.50) Dollars on September 3, 2000. Judgment is further rendered in favor of Ms. Rachal and against Mr. Rachal in the amount of Seven hundred, fifty and 00/100 ($750.00) Dollars, representing a reasonable attorney fee pursuant to R.S. 9:375. Costs of the rule below and of this appeal are assessed to Mr. Rachal.
REVERSED AND RENDERED.
NOTES
[1] RPC 1.5 Fees (d) A lawyer shall not enter into an arrangement for, charge, or collect:

(1) Any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of alimony or support, or property settlement in lieu thereof; or
(2) A contingent fee for representing a defendant in a criminal case.