284 So.2d 624 (1973)
Mrs. Leugina (Eugenin) WEATHERS, Plaintiff-Appellee,
v.
HERALD LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 4327.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
*625 Orlando G. Bendana, New Orleans, for defendant-appellant.
Knoll & Knoll by Jerold E. Knoll, Marksville, for plaintiff-appellee.
Adams & Reese by Edward J. Rice, Jr., New Orleans, for defendant-appellee.
Before FRUGÉ, SAVOY, and DOMENGEAUX, JJ.
FRUGÉ, Judge.
Herald Life Insurance Company initiated a concursus proceeding and deposited the sum of $1,000.00 in the registry of the lower court. Parties named as defendants in the proceeding were Corine Dean Silas, the widow of the deceased, Raymond Silas, Mrs. Leugina (Eugenin) Weathers, the surviving mother of the deceased, and Progressive Funeral Home of Central, Louisiana, Inc. Judgment was rendered in favor of Leugina (Eugenin) Weathers, decreeing her to be the rightful owner of the sum of $1,000.00. An appeal in forma pauperis was taken by Corine Dean Silas, and an answer to this appeal was filed by Mrs. Leugina (Eugenin) Weathers. The case of Herald Life Insurance Company v. Corine Dean, widow of Raymond Silas et al., was consolidated for purposes of appeal with that of the instant case.
The appellant, Corine Dean Silas, did not appear in person or through counsel when this case was called for hearing, and no brief has been filed in her behalf. The appeal is thus treated as having been abandoned, and accordingly, the appeal is hereby dismissed. Rule VII, Section 5(b), Uniform Rules of the Courts of Appeal, 1971. The appeal having been dismissed, the answer of appellee being unsupported and without foundation, falls also. Article 2133 of the Louisiana Code of Civil Procedure does not allow the maintenance of an answer independently of the appeal from which it arose.
Appellee's sought-after relief should have been by way of appeal and not by answer. The aforecited article does not provide relief by answer between appellees, but only between appellee and appellant.
Therefore, we find the answer without independent vitality and it is dismissed along with the appeal. Appellant is to pay all costs of this appeal.
Appeal and answer dismissed.