SCHOTT, Judge.
This is before us on defendant’s motion to dismiss plaintiffs’ appeal on the ground that it was not taken within the sixty day delay provided by LSA C.C.P. Art. 2087. Plaintiffs’ application for a new trial was denied on November 15, 1980, and they did not take an appeal until January 26, 1981. However, on December 19, 1980, defendant had taken an appeal and on January 23, 1981 defendant filed a motion in the trial court to dismiss its appeal and there obtained an ex parte order of dismissal of the appeal.
*1012 Once defendant took its appeal plaintiffs had the right to answer that appeal until fifteen days after the record was lodged in this court and such would have been equivalent to an appeal on their part, C.C.P. Art. 2133. According to defendant, plaintiff’s right to utilize Art. 2133’s provisions and file an answer in order to modify the judgment in their favor was frustrated by the simple expedient of a dismissal of the appeal after Art. 2087’s sixty day delay ran. We are unable to take this harsh position.
Rule VII, Section 3, Uniform Rules — Courts of Appeal, contemplates that an appellant’s motion to dismiss his appeal shall be filed in the appellate court and the rule significantly provides that this may be done “[i]n the absence of a timely answer to the appeal or other formal action to amend or modify the judgment appealed. . . . ” Thus, had defendant’s motion to dismiss the appeal been filed in the proper court it would not have been granted until the C.C.P. Art. 2133’s delay had run against plaintiffs’ answer to the appeal.
While it may be argued that plaintiffs technically took an appeal and not an answer to the appeal, we have concluded that their appeal should be treated as an answer rather than penalize them on such a technicality. This is especially appropriate since it was defendant’s action in securing a dismissal of its appeal from the trial court which created the appearance of there being no appeal for plaintiffs to answer.
Accordingly, we deem the appeal of plaintiffs to be a valid answer to defendant’s appeal although defendant has apparently decided to seek no further relief in this court. Defendant’s motion is denied.
MOTION TO DISMISS APPEAL DENIED.