424 So.2d 460 (1982)
Hanson J. EDWARDS and Jo Ann V. Edwards
v.
LOUSTEAU AUTO SALES, INC.
No. 5-295.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
*461 Lawrence W. Bell, Attaya & Bell, Gonzales, for plaintiffs-appellees.
Richard J. Holmes, Norco, for defendant-appellant.
Before CHEHARDY, KLIEBERT and CURRAULT, JJ.
KLIEBERT, Judge.
On May 15, 1980, Hanson J. Edwards (buyer) purchased from Lousteau Auto Sales, Inc. (seller), a 1962 Volkswagen automobile for $745.00. On August 13, 1981, buyer filed a petition alleging that on July 1, 1980 he parked the vehicle in his driveway and never again used it because he found the number on the chassis of the vehicle was different from the chassis number shown on the title certificate he received from the State of Louisiana. He alleges the erroneous number makes the title non-merchantable and, as such, constitutes a redhibitory defect which entitles the buyer to have the sale set aside and the purchase price refunded to him. He additionally alleges as follows:
"In addition to the redhibitory defect in the vehicle, there is error in the contract in that petitioners would not have purchased the vehicle until the question of the serial number had been resolved had they known of the discrepancy at the time of the purchase."
The petition then contained a prayer as follows:
"WHEREFORE, petitioners pray that after due proceedings had that there be judgment herein in favor of plaintiffs and against defendant awarding unto plaintiffs a sum of not less than $5,000.00, plus a sum to be determined by this court as reasonable attorney fees, together with judicial interest from date of demand until paid and for all costs of these proceedings, including depositions and expert witness fees."
Although a hearing was held, no evidence pertinent to the issues presented here was submitted. Following arguments, the trial judge maintained the seller's exception of prescription insofar as the petition alleged a cause of action in redhibition and dismissed the exception of prescription insofar as the suit was an action for breach of contract. The effect of the ruling was to maintain the buyer's action as a suit for damages arising out of a breach of contract.
The seller devolutively appealed from the trial judge's ruling denying his exception of prescription insofar as the buyer's suit was one for breach of contract. The buyer answered the appeal seeking a reversal of that portion of the trial court's ruling maintaining the exception of prescription insofar as *462 the petition alleged a cause of action in redhibition and seeking damages for a frivolous appeal. The judgment from which the seller appeals (i.e., the dismissal of the exception as it pertains to the action for breach of contract) is an interlocutory one and, hence, not appealable. La.C.C.P. Article 2083 and 1841; Short v. Criminal Sheriff's Office, 407 So.2d 786 (La.App. 4th Cir. 1981). Accordingly, the seller's appeal is dismissed.
The appeal having been dismissed, the answer of the appellee, being unsupported and without foundation, falls, notwithstanding the provisions of La.C.C.P. Article 2133. Weathers v. Herald Life Insurance Co., 284 So.2d 624 (La.App. 3rd Cir.1973). Therefore, since the answer to the appeal is without independent vitality, it is dismissed along with the seller's appeal.
Appellant to pay all costs of the appeal.
DISMISSED.