GUIDRY, Judge.
The plaintiff, Warren J. Moity, appeals the judgment of the trial court dismissing his suit for failure to provide security for costs as ordered by the court.
The plaintiff brought this defamation suit against O.C. Guilliot, individually and in his capacity as Clerk of Court of Lafayette Parish. On the date the suit was filed, March 11,1982, the court ordered that plaintiff furnish a bond of $1,000.00 to secure payment of costs and gave him 15 days to post the bond. The bond was never posted, although the plaintiff on two occasions tendered $75.00 to the Clerk of Court to cover advance court costs. The Clerk’s office accepted these payments and gave the plaintiff receipts therefor.
On March 31, Guilliot filed a rule to show cause why the plaintiff’s suit should not be dismissed for failure to post bond as ordered by the court. The matter was heard and judgment was rendered dismissing the suit at plaintiff’s cost.
The plaintiff argues that the acceptance by the Clerk’s office of the $150.00 in advance court costs had the effect of nullifying the court order of March 11, 1982, requiring the plaintiff to post bond, and that the Clerk may not thereafter maintain a suit seeking dismissal for failure to post the bond. As we understand it, the plaintiff’s position is that the Clerk of Court may opt for one of two methods of insuring that court costs are paid. The clerk may collect advance court costs or he may demand that bond be fixed and posted by the plaintiff. The plaintiff contends that by accepting advance court costs, the Clerk has forfeited any right to demand security for costs. This contention is erroneous.
LSA-R.S. 13:842 requires the clerks of the district courts to collect advance costs. It provides in pertinent part:
“A. The clerks of the district courts shall demand and receive from the plaintiff or plaintiffs in each ordinary suit, whether accompanied by conservatory writs or not, not less than twenty dollars or such other amount as may be fixed by law for advanced costs, to be disbursed to the clerk’s salary fund or to others as their fees accrue. Whenever the costs have exhausted the amount of the original advance deposit, the clerk may refuse to perform any further function in the proceeding until the additional costs for the function have been paid, in accordance with the fees set forth in R.S. 13:841 or, in Orleans Parish, in R.S. 13:1213.”
LSA-R.S. 13:843 provides in pertinent part:
“The clerk of court may demand security for costs at the time the suit is filed.
After any cost advance furnished under R.S. 13:842 has been exhausted, all accrued costs shall be paid by the party primarily responsible therefor, or by the surety on any bond for costs furnished by him, upon receipt of the clerk’s demand for payment thereof supported by an itemized account of these accrued costs approved by the judge....”
As the second paragraph of R.S. 13:843 makes clear, the clerk may, in connection with a law suit, employ both methods of insuring the payment of court costs. The acceptance of advance court costs does not impair the clerk’s right to demand security for costs under R.S. 13:843.
The plaintiff offers no theory, nor can we conceive of one, whereby the acceptance of advance costs by the Clerk’s office nullified the court order of March 11, 1982, requiring the plaintiff to post a bond in the *523 amount of $1,000.00. Plaintiff’s failure to post the bond was in clear violation of that order.
Failure to furnish security for costs within the time fixed by an order of the court justifies the dismissal of the proceedings as in a ease of nonsuit. Succession of Grover, 22 So. 313 (La.1897). Thus, there was no error in the judgment of the trial court dismissing plaintiff’s suit.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.