466 So.2d 511 (1985)
Warren J. MOITY, Sr., Plaintiff-Appellant,
v.
The Honorable O.C. Dan GUILLIOT, Individually and The Honorable O.C. Dan Guilliot, Clerk of Court 15th Judicial District Court, Defendant-Appellee.
No. 84-220.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
Rehearing Denied April 17, 1985.
Warren J. Moity, Sr., New Iberia, in pro. per.
John K. Hill, Jr., Lafayette, for defendant-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
DOUCET, Judge.
Plaintiff-Appellant, Warren J. Moity, Sr., appeals from a judgment dated December 9, 1983, dismissing his suit against O.C. "Dan" Guilliot, because of failure to file a new bond for costs as ordered by a judgment dated November 28, 1983.
Moity first sued Guilliot on March 11, 1982, claiming that Guilliot defamed him on February 1, 1982. That suit was dismissed without prejudice after the plaintiff failed to post bond for security for costs in accordance with an order of the Fifteenth Judicial District Court. The dismissal was affirmed by this court in Moity v. Guilliot, 429 So.2d 521 (La.App. 3rd Cir.1983).
Moity, in proper person, filed this suit against Guilliot on June 6, 1983, again alleging defamation. Moity applied for and received an extension of time in which to post bond. He posted bond within the extended period. Guilliot filed an exception of prescription, and motions to dismiss for failure to furnish security, to recall the order allowing an extension of time in which to post bond, to recall the demand and order for a jury trial, and to test the surety. Mr. Moity was personally served on July 22, 1983. Moity replied to the exception and motions in a memorandum dated October 10, 1983. The matters were submitted on briefs. The trial judge denied the exception of prescription, the motion to dismiss for failure to furnish security, and *512 the motion to recall the extension of time to post bond. He granted the motion to recall the order for a jury trial, thereby denying the appellant's demand for a trial by jury. He further ordered that the motion to test the surety be granted and heard at a later date.
The rule to test the surety was heard on November 28, 1983. Moity allegedly received domiciliary service at his business address as well as a notice of trial date through the mail at his home address. The minutes of the court for November 28, 1983 indicate service on Mr. Moity on November 22, 1983. However, no return on service for that date has been included in the record. Moity did not appear and was not represented at the hearing. The trial judge found the bond furnished by Moity to be insufficient and/or invalid and gave the appellant four days in which to furnish new bond. The appellant moved for a new trial. On December 9, 1983, the trial judge dismissed the appellant's suit for failure to comply with the judgment of November 28, ruling that the motion for new trial did not suspend the earlier judgment.
Moity appeals alleging improper service of process. Guilliot answers the appeal re-urging his exception of prescription.
Moity contends that the domiciliary service of the rule to test the surety on November 22, 1983 was not proper. Under La.C.C.P. art. 1234 domiciliary service must be made at the dwelling house or usual place of abode of the person being served, and left with a member of his domiciliary establishment. Moity alleges that the pleadings were left with someone at his business office. Therefore, he argues, service was not proper.
Insufficiency of service of process must be raised through a declinatory exception. It is waived if a general appearance is made by the person urging the exception. Declinatory exceptions must be pled prior to answer or judgment by default. La.C.C.P. art. 925 and 928. McMickens v. McMickens, 386 So.2d 972 (La.App. 3rd Cir.1980).
The appellant did not question the sufficiency of service by way of a declinatory exception before the judgment was rendered. He cannot now question it on appeal. Michigan Wisconsin Pipe Line Co. v. Sugarland Development Corp., 221 So.2d 593 (La.App.3rd Cir.1969), writ refused 254 La. 469, 223 So.2d 872 (1969). Consequently, we dismiss the appeal. There is no need to reach or consider the issues raised by the appellant in his appeal brief.
Since the appeal has been dismissed, the appellee's answer to the appeal is unsupported and without foundation. The provisions of La.C.C.P. art. 2133 do not allow the maintenance of an answer to an appeal independent from the appeal from which it springs. Weathers v. Herald Life Insurance Co., 284 So.2d 624 (La.App.3rd Cir.1973); Edwards v. Lousteau Auto Sales, 424 So.2d 460 (La.App. 5th Cir.1982). Accordingly, we dismiss the answer with the appeal. All costs of this appeal are to be paid by the appellant.
APPEAL DISMISSED.