DOUCET, Judge.
Plaintiff, Joy Faye Owens Lemke, and defendant, Paul A. Lemke, Jr., were married in the State of Louisiana in the early 1960’s. The parties were divorced in 1982 by a court in the State of Alabama, where they were domiciled at the time. The court adopted an agreement which was entered into between the parties regarding child support, alimony, and community property.
Plaintiff petitioned to have the Alabama divorce judgment made executory in Louisiana, and specifically requested enforcement of the child support and alimony orders to which defendant had agreed.
Plaintiff, relying on the Louisiana Long-Arm statute for service of process, had defendant served in Atlanta, Georgia, where he was residing at the time. Defendant responded by filing an exception to jurisdiction over the person.
The trial of the exception was held on September 12,1985, and a judgment on the exception was rendered that date. The trial court sustained defendant’s exception as to any issues involving contractual rights of the parties and overruled the exception as to the issues of past due child support, alimony, attorney’s fees, and court costs. The judgment on the exception was signed by the trial judge on October 8, 1985.
Plaintiff had the trial on the merits set and the case was heard on February 13, 1986. Defendant did not answer, nor did he make a general appearance. Moreover, no preliminary default was entered against defendant. A judgment cannot be rendered against a defendant who has never answered and has never made a general appearance in the absence of the entry of a preliminary default. Bickford v. Lutz, 339 So.2d 1268 (La.App. 1st Cir.1976). Because defendant did not answer, nor make a general appearance, and because no preliminary default was entered, the judgment rendered by the lower court in the instant situation is vacated.
For the reasons discussed and summarized above, we vacate the judgment of the trial court and remand for further proceedings consistent with this opinion. The costs of the appeal are to'be assessed to plaintiff-appellee.
JUDGMENT VACATED AND REMANDED.