528 So.2d 187 (1988)
CAPITAL-UNION SAVINGS, F.A.
v.
Leon Dudley WILLIAMS, III a/k/a Lee D. Williams, III.
No. CA 87 0509.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
Ashton L. Stewart, Baton Rouge, for plaintiff-appellee Capital Union Sav., F.A.
Stuart R. Thompson, and Chester Hugh Boyd, Baton Rouge, for defendant-appellant Leon Dudley Williams, III.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
In this answer to a suspensive appeal (appeal was later dismissed for failure to file brief timely) from the confirmation of a default judgment, plaintiff-appellee seeks frivolous appeal damages in the amount of ten percent of the judgment.

FACTS
Capital Union Savings, F.A., hereinafter referred to as plaintiff, sued Leon Dudley Williams, III, a/k/a Lee D. Williams, III, on July 30, 1986 for $102,000.00 owed on a note secured by a mortgage. Plaintiff also sued for $686.36 for insurance on the house and $769.01 for ad valorem taxes, plus eleven *188 percent interest on all sums until paid, and ten percent as attorney's fees.
A preliminary default was entered on October 29, 1986. Following a hearing November 5, 1986, at which documentary evidence and testimony were offered, the default was confirmed. Although the judgment does not show what time it was signed, and inasmuch as a certified copy of the judgment was filed in the conveyance records at 9:25 a.m. the same day, the judgment must have been signed prior to 9:25 a.m. Also at 9:25 a.m., the same day, defendant filed a general denial answer.

TRIAL COURT
A hearing for a partial new trial was held on December 4, 1986 at which time the judgment filed in the conveyance records was offered into evidence. Following the partial new trial held on January 8, 1987, the trial court ruled for the plaintiff finding the default was confirmed prior to the filing of the answer by the defendant.

I
Plaintiff alleges the judgment confirming the default was in accordance with the law and the evidence; thus it should be affirmed.
As the default judgment was rendered upon plaintiff producing to the court due proof to support his demands, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. United Distributors, Inc. v. Redfern, 449 So.2d 580, 582 (La.App. 1st Cir. 1984).

II
Although appeals are favored, La. Code Civ.P. art. 2164 authorizes damages for frivolous appeals. But such damages will not be granted unless clearly due, i.e., it must manifestly appear the appeal was taken solely for delay or that appealing counsel could not seriously believe in the position he advocates. Shatoska v. International Grain Transfer, Inc., 465 So.2d 32, 39 (La.App. 1st Cir.1984).
In the instant case, according to the trial court's findings, defendant did not file an answer until after the judgment was confirmed. Furthermore, the answer was a general denial. Defendant did not plead any affirmative defenses, i.e. fraud, duress, failure of consideration, etc., which are waived unless specially pleaded. La.Code Civ.P. art. 1005. Brightway Signs, Inc. v. Sharkey, 457 So.2d 758, 759 (La.App. 1st Cir.1984). In addition, the appeal bond for the suspensive appeal did not cost defendant any money; it was in the form of a personal surety. Finally, defendant did not file an appellate brief, thus causing his appeal to be dismissed pursuant to Rule 2-12.4, Uniform Rules-Courts of Appeal. Hence, in considering the above-cited facts, it is apparent that defendant must not have seriously believed in the position he advocated. We therefore hold the appeal was frivolous.

III
Plaintiff asked for damages of ten percent of the judgment. However, as the record fails to justify such an award, we believe $750.00 to be an adequate amount.
Accordingly, appellant is also ordered to pay plaintiff $750.00 in frivolous appeal damages.
DAMAGES AWARDED.