WOODARD, Judge.
This is an appeal from a judgment for past due child support and alimony. The issue on appeal is whether this judgment is null for lack of personal jurisdiction over the defendant and for insufficient service of process.
FACTS
Plaintiff, Joy Lemke, and defendant, Paul Lemke, Jr., were married in Louisiana in the early 1960’s. In 1982, the parties were granted a divorce in Alabama, where they were living at the time. The Alabama court adopted an agreement between the parties regarding child support, alimony, and community property. After the divorce was granted, plaintiff moved back to Louisiana.
In March 1985, plaintiff filed a petition in Louisiana seeking to make the Alabama judgment executory. She also requested back due child support, alimony, and recognition of certain rights provided for in the child support agreement. The petition and citation were served on the defendant in Georgia by certified mail, pursuant to the Louisiana Long-Arm statute, La.R.S. 13:3204 and 13:3201. Defendant filed an exception of lack of personal jurisdiction on April 25, 1985. In May, 1985, plaintiff filed an amended petition alleging that the parties were married in Louisiana and lived in Louisiana for some time after they were married. This amended petition was sent by certified mail to defendant’s Georgia address, but was returned unclaimed.
A hearing on the exception to jurisdiction was held September 12, 1985. The trial judge found that the Long-Arm statute, La.R.S. 13:3201(A)(6), provided for jurisdiction over the defendant as to the following issues:
1. Any and all matters related to and concerning past, present, and future *854 support payments for the spouse and/or the minor child of the marriage,
2. Any evidence to show ability to support and/or net income of the defendant,
3. Any and all matters related to and concerning attorney fees for the filing and prosecuting of any action for establishing support payments, and enforcement of same, including contempt hearings.
The trial judge also found, however, that there was no jurisdiction over the defendant for any of plaintiffs other claims because they were not provided for in the Long-Arm statute.
Beyond the exception, defendant never answered plaintiff’s petition. A trial on the merits was held February 13, 1986. Defendant was neither present, nor represented, at trial. Judgment for plaintiff was signed August 1, 1986. Defendant appealed and this court vacated the judgment and remanded the case for further proceedings because a preliminary default had never been entered. Lemke v. Lemke, 525 So.2d 186 (La.App. 3 Cir.1988). Thereafter, plaintiff secured a preliminary default. On March 16, 1992, judgment was rendered making the Alabama judgment executory, and finding defendant liable for past due child support, alimony and attorney’s fees. Defendant was also found to be in contempt of court.
Defendant now appeals this judgment, asserting that the trial court erred in finding: (1) that he was properly served with process, and (2) that the court had personal jurisdiction over him. Plaintiff has answered the appeal and requests that she be awarded attorney’s fees and damages for frivolous appeal.
SERVICE OF PROCESS
In his first assignment of error, defendant asserts that service of process was insufficient because he never received service of plaintiff’s amended petition. Although the amended petition was sent to defendant by certified mail at the same address as the original petition and citation, the amended petition was returned unclaimed.
Insufficiency of service of process is an objection which must be raised by decli-natory exception prior to answer or judgment by default. La.C.C.P. Arts. 925 and 928; Moity v. Guilliot, 466 So.2d 511 (La.App. 3 Cir.1985). Defendant failed to plead insufficiency of service of process in his declinatory exception. He cannot raise this issue for the first time on appeal. Moity v. Guilliot, supra. Therefore, this issue is not properly before us. Even if it were, plaintiff’s first petition, which was properly served pursuant to the Long Arm Statute, was sufficient without the amendment.
PERSONAL JURISDICTION
In his second assignment of error, defendant asserts that the trial court erred in finding that it had personal jurisdiction over him.
The trial judge determined there was personal jurisdiction pursuant to La.R.S. 13:3201(A)(6), which provides as follows:
§ 3201. Personal jurisdiction over nonresidents
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
******
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
Plaintiff and defendant were married in Louisiana, but defendant argues that plaintiff failed to prove they resided in Louisiana after they were married. We disagree. In discussing the difference between residence and domicile, this court, in Hobbs v. Fireman’s Fund Am. Ins. Companies, 339 So.2d 28, 35 (La.App. 3 Cir.1976), writ denied, 341 So.2d 896 (La.1977.), described a residence as follows:
*855 Although a person may have only one domicile, that person may have several residences. To maintain a residence a person needs only a place or premises which entitles him to return at his convenience without having to request permission of someone else, (citations omitted)
Plaintiff testified at the hearing on the exception that although she and defendant moved frequently after they were married, there were two occasions where they lived in Louisiana for a period of several months. During one of these intervals, their children were enrolled in Louisiana schools. The trial court found as fact that the parties resided in Louisiana while they were married and, therefore, there was personal jurisdiction over the defendant under 13:3201(A)(6). We find no error in this determination.
FRIVOLOUS APPEAL
In plaintiffs answer to the appeal, she requests an award of attorney’s fees and damages for frivolous appeal. Damages for frivolous appeal are authorized by La.C.C.P. Art. 2164. However, these damages will only be allowed where it is evident that there are no serious legal questions on appeal, the appeal is taken solely for the purpose of delay, or appellant’s counsel does not seriously believe in the position he advocates. Boulet v. Foti, 539 So.2d 843 (La.App. 3 Cir.1989), writ denied, 541 So.2d 841 (La.1989). The record before us does not provide us with enough evidence on either of these elements to conclude that this appeal was frivolous.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant, Paul Arnez Lemke, Jr.
AFFIRMED.