641 So.2d 721 (1994)
STATE of Louisiana in the Interest of Sonya R. MUSE,
v.
Joseph ROSS, Sr.
No. 26554-CA.
Court of Appeal of Louisiana, Second Circuit.
August 4, 1994.
E. Roland Charles, Charles D. Jones, Monroe, for appellant.
A. Elaine Williams, Support Enforcement Services, Monroe, for appellee.
Before VICTORY, WILLIAMS and WESTERFIELD, Pro Tempore, JJ.

ORDER OF PARTIAL DISMISSAL
CARL VAN SHARP, Judge.
Appellant has failed to timely file a brief within the period of time provided by Rule 2-12.7 of the Uniform Rules-Courts of Appeal, despite having been duly notified in accordance with Rule 2-8.6, and despite thirty (30) days having passed since the mailing of the notice. Accordingly, his portion of the appeal is hereby DISMISSED AS ABANDONED.
However, the timely answer of appellee, seeking damages for frivolous appeal, shall not be dismissed. In so holding, we respectfully decline to follow Crochet v. Pritchard, 509 So.2d 501 (La.App. 3d Cir.1987); Moity v. Guilliott, 466 So.2d 511 (La.App. 3d Cir. 1985); Edwards v. Lousteau Auto Sales, 424 So.2d 460 (La.App. 5th Cir.1982); and, particularly, Weathers v. Herald Life Insurance Co., 284 So.2d 624 (La.App. 3d Cir.1973), upon which the other aforementioned cases rely. The cited cases hold that an answer to an appeal may not be maintained independent from the appeal from which it springs. However, we disagree with these holdings.
The provisions of Louisiana Code of Civil Procedure Article 2133 state that the answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the *722 judgment rendered against him in favor of the appellant and of which he complains in his answer. This requirement that the answer be equivalent to an appeal has been incorporated in Article 2133 from its inception. Even before the Code of Civil Procedure, under Article 901 of the Code of Practice, once the Louisiana Supreme Court had jurisdiction over an appeal, it could not, in any case, permit the appellant to withdraw his appeal without the consent of the appellee. Instead, the appellee could demand the cause proceed, notwithstanding the appellant's acquiescence, so that the judgment might be changed or confirmed for the appellee's benefit. See De St. Romes v. Levy Steam Cottopress Co., La.Ann. 224. See now the provision of URCA 2-8.4 under which an appellant may not obtain a dismissal of an appeal by ex parte motion if a timely answer to the appeal has been filed.
If a proper answer to an appeal could not be maintained independent from the appeal from which it springs, then the answer would not truly be equivalent to an appeal. Instead, the appellant could cause the answer to fall merely by abandoning his own appeal. In the same way, an appellant could effectively obtain an ex parte dismissal of the case in contravention of the provision of URCA 2-8.4.
Finally, we note that a proper method for requesting damages for frivolous appeal is through an answer to the appeal. See Olivier v. Comeaux, 498 So.2d 1135 (La.App. 3d Cir.1986); Hilbun v. Hilbun, 498 So.2d 1127 (La.App. 3d Cir.1986). See also Official Revision Comment (a) to Article 2133. To follow the rule of Weathers, supra, and its progeny would be to allow the appellant in this case to prevent the appellee from pursuing frivolous appeal damages. We conclude that such a rule runs counter to the longstanding law of this state, operates unfairly toward appellees, and hampers the deterrent effective provided by the potential for assessment of frivolous appeal damages. Accordingly, we endorse the rationale employed in Carmadelle v. Koch-Ellis Marine Contractors, 404 So.2d 1011 (La.App. 4th Cir.1981), and hold that appellant's abandonment of the relief sought in his appeal does not cause appellee's answer to fall.