651 So.2d 364 (1995)
STATE of Louisiana In the Interest of Sonya R. MUSE, Plaintiff-Appellee,
v.
Joseph ROSS, Sr., Defendant-Appellant.
No. 26554-CA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 1995.
E. Roland Charles, Monroe, for appellant.
A. Elaine Williams, State of La., Support Enforcement Services, Monroe, for appellee.
Before SEXTON and STEWART, JJ., and PRICE, J. Pro Tem.
PRICE, Judge Pro Tempore.
In this paternity action, the trial court found in favor of the State of Louisiana, decreeing appellant, Joseph Ross, Sr., to be the natural father of the minor child. Ross appealed the judgment suspensively, and the state timely answered the appeal seeking frivolous appeal damages. Ross's appeal subsequently was dismissed as abandoned for failure to file a timely brief, leaving before this Court only the issue of frivolous appeal damages. For the reasons which follow, we award the state $750 in frivolous appeal damages.
At trial, the mother testified that she became pregnant around November 1990, and that the child, who was born in August 1991, was a full-term baby. The mother further testified that she had sexual intercourse only with Joseph Ross, Sr. at the pertinent time. Three additional witnesses testified on behalf of the state, while only Mr. Ross testified on his behalf to deny paternity. Blood test results introduced at trial revealed a 99.99% probability of Ross's paternity with a combined paternity index of 86,006 to 1.
In January 1994, the trial court rendered a paternity judgment in favor of the State of Louisiana and against the defendant, Joseph Ross, Sr.. Mr. Ross took a suspensive appeal in February 1994, and after the appellate record lodged on April 11, 1994, the state filed a timely answer to the appeal seeking affirmance of the judgment and frivolous appeal damages.
*365 In June 1994, after appellant's brief was not filed within the time required by Rule 2-12.7 of the Uniform Rules for Louisiana Courts of Appeal, this Court sent a 30-day notice to appellant, directing him to file his brief immediately, and notifying him that his appeal would be dismissed if the brief was not filed within 30 days of June 16, 1994. On August 3, 1994, this Court received from appellant's counsel a motion for extension of time within which to file the appellate brief. This motion was made outside the 30-day period allowed by this Court, and was denied on August 4, 1994. That same day, this Court issued an order of partial dismissal, dismissing the appellant's portion of the appeal as abandoned.
However, this Court noted that the timely answer of the appellee, seeking damages for frivolous appeal, would not be dismissed. In so holding, this Court declined to follow Crochet v. Pritchard, 509 So.2d 501 (La.App. 3rd Cir.1987); Moity v. Guilliot, 466 So.2d 511 (La.App. 3rd Cir.1985); Edwards v. Lousteau Auto Sales, 424 So.2d 460 (La.App. 5th Cir.1982); and particularly, Weathers v. Herald Life Insurance Co., 284 So.2d 624 (La.App. 3rd Cir.1973), upon which the other aforementioned cases rely. The cited cases hold that an answer to an appeal may not be maintained independent from the appeal from which it springs.
The provisions of LSA-C.C.P. Art. 2133 state that the answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, an appellee may by answer demand modification, revision, or reversal of a judgment that did not allow or consider relief prayed for by an incidental action. Before the Code of Civil Procedure, under Article 901 of the Code of Practice, once the Louisiana Supreme Court had jurisdiction over an appeal it could not in any case permit the appellant to withdraw his appeal without the consent of the appellee. Instead, the appellee could demand the cause proceed, notwithstanding the appellant's acquiescence, so that the judgment might be changed or confirmed for the appellee's benefit. See De St. Romes v. Levee Steam Cotton Press Co., 31 La.Ann. 224 (Orleans 1879). See also Carmadelle v. Koch-Ellis Marine Contractors, 404 So.2d 1011 (La.App. 4th Cir.1981), in which the court held that once the defendant took its appeal, the plaintiffs had the right to answer, despite the defendant's attempt to dismiss its appeal:
Once defendant took its appeal plaintiffs had the right to answer that appeal until fifteen days after the record was lodged in this court and such would have been equivalent to an appeal on their part, C.C.P. Art. 2133. According to defendant, plaintiff's right to utilize Art. 2133's provisions and file an answer in order to modify the judgment in their favor was frustrated by the simple expedient of a dismissal of the appeal after Art. 2087's sixty day delay ran. We are unable to take this harsh position.
Rule VII, Section 3, Uniform Rules Courts of Appeal, contemplates that an appellant's motion to dismiss his appeal shall be filed in the appellate court and the rule significantly provides that this may be done "[i]n the absence of a timely answer to the appeal or other formal action to amend or modify the judgment appealed..." Thus had defendant's motion to dismiss the appeal been filed in the proper court it would not have been granted until the C.C.P. Art. 2133's delay had run against plaintiffs' answer to the appeal. 404 So.2d at 1012
Presently, the provisions of URCA 2-8.4 do not allow an appellant to obtain a dismissal of an appeal by ex parte motion if a timely answer to the appeal has been filed.
Considering the foregoing law and jurisprudence, if a proper answer to an appeal could not be maintained independent from the appeal from which it springs, then the answer would not truly be "equivalent to an appeal," at least with respect to any portion of a judgment rendered against the appellee and in favor of the appellant, because the appellant could cause the answer to fall merely by abandoning his own appeal. In this way, an appellant also could effectively obtain an ex parte dismissal of a case in contravention to the provisions of URCA 28.4. *366 Furthermore, a proper method for requesting damages for frivolous appeal is through an answer to the appeal. Olivier v. Comeaux, 498 So.2d 1135 (La.App. 3rd Cir. 1986); Hilbun v. Hilbun, 498 So.2d 1127 (La.App. 3rd Cir.1986); Official Revision Comment (a) to LSA-C.C.P. Art. 2133.
The restrictive rule of Weathers, supra, and its progeny runs counter to the longstanding law of this state, and would hamper the deterrent effect provided by the potential for assessment of frivolous appeal damages. Accordingly, we hold that Ross's abandonment of the relief sought in his appeal did not cause the appellee's answer to fall. We now turn to the issue of frivolous appeal damages.
In Capital-Union Savings, F.A. v. Williams, 528 So.2d 187 (La.App. 1st Cir. 1988), the defendant did not file his general denial answer until after a judgment by default was confirmed. The defendant then took a suspensive appeal, but did not file an appellate brief, thus causing his appeal to be dismissed pursuant to Rule 2-12.4 of the Uniform Rules for Louisiana Courts of Appeal. The court noted that although appeals are favored, the provisions of LSA-C.C.P. Art. 2164 authorize damages for frivolous appeals. While recognizing that such damages will not be granted unless clearly due, i.e., the record shows the appeal was taken solely for delay or that appealing counsel could not seriously believe in the position he advocated, the court found that under the facts presented it was apparent the defendant must not have seriously believed in the position he advocated. Accordingly, in response to appellee's answer seeking frivolous appeal damages, the court held the appeal was frivolous and awarded $750 in damages. We observe that damages were awarded in response to the answer despite the prior dismissal of the appeal.
Similarly, in Ecopur Inc. v. C.E. McCloud, 432 So.2d 380 (La.App. 1st Cir.1983), the appellee filed an answer to the appeal claiming the appeal was frivolous and seeking damages for frivolous appeal. The court dismissed the appellant's appeal for failure to timely file his brief, but went on to consider the answer seeking frivolous appeal damages. As in Capitol-Union, supra, the court noted that damages for frivolous appeal have been allowed where the appeal was taken solely for purposes of delay, or where counsel for the appellant did not sincerely believe in the merit of the appellant's position. Because the appellant in Ecopur had not filed a brief specifying any error, the court stated it was difficult for it to find that he seriously believed in the merits of his position. Accordingly, the court found the appeal to be frivolous and awarded damages for frivolous appeal.
We also are confronted with a case in which an appeal was taken, but later abandoned through failure to file an appellate brief. Furthermore, this abandonment took place after an answer to the appeal was filed seeking damages for frivolous appeal. Under these circumstances, we conclude, as did the courts in Capital Savings and Ecopur, that it appears defendant's counsel must not have seriously believed in the position he advocated. Therefore, we hold that the appeal was frivolous, and we award the State of Louisiana $750 in frivolous appeal damages.
DAMAGES AWARDED.