| .CARTER, C.J.
This matter arises out of a petition for divorce filed in Division B (Suit Number 2000-001373) and a petition for the partition of community property filed in Division G (Suit Number 2003-000432), both in the 21st Judicial District Court in Tangipa-hoa Parish. A judgment of divorce was signed on November 13, 2001. Thereafter, the parties continued to litigate incidental issues involving the partition of community property and the reimbursement/payment of community expenses and debts.
Plaintiff, Donna Glass, appealed an October 2, 2003 trial court judgment ordering that “the matters before the Court [in Division ‘B’] related to community property matters and therefore, all issues before this court are transferred to Division ‘G,’ where the community property partition suit between the parties is filed and allotted.” Also on October 2, 2003, the trial court signed an order setting the return date for plaintiffs devolutive appeal from the transfer order. In a handwritten Per Curiam at the bottom of the order of appeal, the trial court noted that “the ‘judgment’ signed may well be an interlocutory decree, appealable by writ only.” Defendant, David Voiron, filed an answer to the appeal on December 24, 2003, arguing that plaintiffs appeal was an improper appeal of an interlocutory judgment. Additionally, defendant requested attorney’s fees, damages, and costs in connection with having to answer plaintiffs frivolous appeal. Plaintiff never filed an appellate brief, although she paid the appeal costs.
On March 25, 2004, this Court dismissed plaintiffs appeal as abandoned, pursuant to Rules 2-12.7 and 2-8.6, Uniform Rules-Courts of Appeal, for failure to *699 timely file a brief and failure to respond to this Court’s ^notice to file the brief or suffer dismissal.[1] Because we dismissed plaintiffs appeal, the issue of whether plaintiffs appeal should have been dismissed on the grounds that it was a nonap-pealable interlocutory judgment is now moot.[2] However, there still remains defendant’s issue of damages, attorney’s fees, and costs associated with a frivolous appeal. See State in Interest of Muse v. Ross, 26,554 (La.App. 2 Cir. 3/1/95), 651 So.2d 364, 366; Ecopur, Inc. v. McCloud, 432 So.2d 380, 381 (La.App. 1 Cir.1983).
The law allows for damages for frivolous appeals where an appeal was taken solely for purposes of delay, or where counsel for the appellant did not sincerely believe in the merits of the appellant’s position. Since plaintiff has not filed a brief specifying any error, it is difficult for us to find that she seriously believed in the merits of her position. See Capital-Union Savings, F.A. v. Williams, 528 So.2d 187, 188 (La.App. 1 Cir.1988); Schnatz v. Schnatz, 501 So.2d 318, 320 (La.App. 5 Cir.), writ denied, 504 So.2d 877 (La.1987). Furthermore, plaintiffs abandonment of her appeal took place after defendant’s answer to the appeal was filed seeking damages for frivolous appeal. See Muse v. Ross, 651 So.2d at 366. Accordingly, we find that plaintiffs appeal was frivolous and that defendant is entitled to reasonable damages and attorney’s fees.[3]
| ¿Therefore, we hereby render judgment in favor of defendant, David Voiron, and against plaintiff, Donna Glass, in the amount of $500.00 in damages for frivolous appeal and $1,000.00 for attorney’s fees. Additionally, costs of this appeal are to be paid by plaintiff, Donna Glass.
DAMAGES AWARDED.

. The appeal was dismissed as to plaintiff only; the remainder of the case was maintained. Glass v. Voiron, 2003-2823 (La.App. 1 Cir. 3/25/04)(unpublished Per Curiam).

. We recognize that there can be no appeal from an interlocutory judgment absent a showing of irreparable injury. LSA-C.C.P. art. 2083. A judgment that does not determine the merits but only preliminary matters in the course of an action is an interlocutory judgment as contrasted to a final judgment which determines the merits in whole or in part. LSA-C.C.P. art. 1841. A judgment ordering a transfer or consolidation of actions does not determine the merits, but merely deals with preliminary matters and hence is interlocutory in nature.

.Louisiana Code of Civil Procedure article 2164 empowers us to award damages for frivolous appeal.