# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 05-1094


BLAINE STROTHER, ET AL.

VERSUS

CONTINENTAL CASUALTY COMPANY, ET AL.


\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2002-004
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE


\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**AMENDED JUDGMENT DECLARED NULL; ORIGINAL JUDGMENT REINSTATED; PLAINTIFFS' APPEAL DISMISSED; DEFENDANTS' ANSWER TO APPEAL DISMISSED; DEFENDANTS' SUSPENSIVE APPEAL MAINTAINED.**


Andre F. Toce
Attorney at Law
Post Office Box 2716
Lafayette, LA 70502-2716
(337)233-6818
COUNSEL FOR PLAINTIFFS:
      Blaine Strother
      Connie Strother

Bruce David Beach
Ungarino & Eckert, LLC
315 S. College Rd., Suite 239
Lafayette, LA 70503
(337)235-5656
COUNSEL FOR DEFENDANTS:
      Continental Casualty Insurance Co.

**Southern Food Groups, Inc.**
**Foremost Dairies, Inc.**
**Freddie Lynn Fair**

**Aaron J. Allen**
**Attorney at Law**
**Post Office Box 3204**
**Lafayette, LA 70502**
**(337)232-9918**
**COUNSEL FOR PLAINTIFFS:**
 **Blaine Strother**
 **Connie Strother**

SAUNDERS, Judge.

This court, *sua sponte*, issued a rule for the plaintiffs, Blaine and Connie Strother, to show cause by brief only why their appeal should not be dismissed as untimely. While this rule was pending, the defendants, Continental Casualty Insurance Company; Southern Foods Group, L.P. d/b/a Foremost Dairy; Dean Foods Product Company and Freddie Lynn Fair (the defendants), filed a Motion to Dismiss Appeal also arguing that the plaintiffs' appeal should be dismissed as untimely. For the reasons discussed below, the plaintiffs' appeal is dismissed, the trial court's amended judgment is set aside as null, the original judgment is hereby reinstated, the defendants' answer to the appeal is dismissed, and this appeal is maintained with the defendants as appellants.

The instant litigation arises out of a vehicular collision. As a result of the collision, the plaintiffs claim that they sustained personal injuries and property damage to their vehicle. Therefore, the plaintiffs sued the above named defendants claiming that they were responsible for the damages arising out of the wreck.

However, the plaintiffs also named another defendant to the suit, Hollis Mancil d/b/a H & M Motors, seeking recovery for damages arising out of Mancil's repair work done on the plaintiffs' vehicle following the accident. In the course of the proceedings in the trial court, the parties agreed to sever the trial of the plaintiffs' claims against Mancil from the other defendants.

Thus, the plaintiffs proceeded to have a jury trial as to the defendants other than Mancil. At the conclusion of the trial, the jury rendered a verdict finding that the defendants were answerable to the plaintiffs in damages. The trial court signed a written judgment on September 30, 2003, which judgment was purportedly in conformity with the jury's findings. Notice of the signing

1

of this judgment was mailed by the clerk's office on October 1, 2003.

The record in this case reveals that on October 30, 2003, the defendants filed a Petition for Suspensive Appeal seeking to appeal the judgment on the jury's verdict which had been signed on September 30. The trial court signed the order granting this appeal on October 27, 2003. Thus, the motion and order for appeal had to have been presented to the trial judge prior to the filing of the motion into the court record.

Despite the foregoing, on October 30, 2003, the defendants filed a pleading entitled Defendants' Motion to Amend Judgment Pursuant to La.Code Civ.P. art. 1915(B). In this motion, citing the fact that at the time of the judgment on the jury's verdict, no judgment had been rendered on the merits of the plaintiffs' claims against Mancil, the defendants asked that the trial court sign an amended judgment designating the judgment on the jury's verdict as appealable pursuant to La.Code Civ.P. art. 1915(B). However, the motion also proceeded to request that the trial court grant certain other amendments to the earlier judgment which amendments were alleged to be in accordance with an oral agreement entered into between the parties and the trial court.

The other amendments to the earlier judgment were listed in correspondence attached to the motion and read as follows:

1) Item number 6 on the judgment on jury verdict shall include the word "suffer" between the word "Strother" and the word "any";
2) The amount listed in item number 7 (d) on the judgment on jury verdict will be changed from $47,986.75 to $44,986.75;
3) The $4,000.00 award for loss of consortium made to plaintiff, Connie Strother, will be added to the amount awarded to increase it from $47,353.17 to the amount of $51,353.17;
4) The language in the judgment on jury verdict will be revised with respect to interest from "plus pre-judgment interest as allowed by law;" to "plus judicial interest from the date of demand until paid as allowed by law.

In addition, the parties had also filed pleadings concerning the

2

assessment of court costs. Therefore, the trial court signed an amended judgment on November 10, 2003, which included making the four alterations mentioned in the motion to amend the judgment, assessing certain court costs, and designating the amended judgment as immediately appealable pursuant to La.Code Civ.P. art. 1915(B). Notice of the signing of this judgment was mailed by the clerk's office on November 10, 2003.

On November 19, 2003, the defendants filed a motion for judgment notwithstanding the verdict as to their liability. Additionally, on January 6, 2004, the defendants filed a motion for leave of court to furnish part of the security for the appeal pursuant to La.Code Civ.P. art. 5121 and to fix the amount of the suspensive appeal bond. On March 8, 2004, the trial court signed a judgment denying the defendants' motion for JNOV, setting the amount of the suspensive appeal bond, and permitting the defendants to post the bond partially in cash and partially by surety. Meanwhile, on January 29, 2004, the trial court had also signed a written judgment dismissing the plaintiffs' claims against Mancil due to compromise by these parties.

Following entry of the trial court's judgment denying the motion for JNOV, the plaintiffs filed a motion for a devolutive appeal on April 14, 2004. The trial court signed the order granting this appeal on this same date.

On April 11, 2005, the defendants filed a Motion to Dismiss Unlodged Appeal in this court. In this motion, the defendants argued that this court should dismiss the plaintiffs' devolutive appeal because the delay in the filing of the record in the appellate court had been unreasonable and was imputable to the plaintiffs. This court issued its opinion denying the motion on May 4, 2005.

The record in this appeal was lodged in this court on August 18, 2005.

3

On this same date, this court issued its rule for the appellants to show cause, by brief only, why their appeal should not be dismissed as untimely. On August 23, 2005, the defendants filed an answer to the appeal in this court. Then, on September 2, 2005, the defendants filed their motion to dismiss the plaintiffs' appeal as untimely. The plaintiffs have filed memoranda in response to these filings.

The plaintiffs argue to this court that the judgment signed by the trial court on September 30, 2003, was not immediately appealable being a partial judgment which had not yet been designated as appealable by the trial court. The plaintiffs rely on La.Code Civ.P. art. 1915(B) as support for this proposition. Thus, since no judgment had been rendered as to the plaintiffs' claims against Mancil at the time of the signing of the September 30 judgment, the plaintiffs contend that the judgment as to the other defendants was not appealable.

In 1997 La. Acts 483, § 2, the Louisiana legislature revised La.Code Civ.P. art. 1915 regarding partial judgments. The amended statute required that if a judgment rendered a partial judgment as to one or more but less than all of the claims, demands, issues, theories, or parties, the judgment was not to constitute a final judgment and was not to be immediately appealable unless the parties specifically agreed to the finality of the judgment or the trial court designated the judgment as final and appealable after making the express determination that there was no just reason for delay.

Article 1915 was again amended by 1999 La.Acts 1263. Section three of this act states, "The provisions of this Act shall become effective on January 1, 2000, and shall apply to all actions filed on or after January 1, 2000." The statute now reads:

4

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.

The comment to this article following its 1999 amendment reads:

The language in 1915(B)(1) is amended to eliminate confusion

with Article 1915(A) by the elimination of 'parties' from (B)(1). A partial final judgment under Article 1915(B) is appealable only if so designated by the court. See Banks v. State Farm, 708 So.2d 523 (2 Cir. 1998). A final judgment under Article 1915(A) is appealable without being so designated, except for a partial summary judgment under Article 966(E). A partial summary judgment under Article 966(E) is covered under Article 1915(B). See C.C.P. Art. 1911.

Moreover, 1999 La. Acts 1263, § 1, amended La.Code Civ.P. art. 1911 to read:

> Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled. No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.

The instant case was filed by the plaintiffs on January 3, 2002. Therefore, Article 1915 as amended in 1999 is applicable. Since the judgment on the jury's verdict disposed of the entirety of the plaintiffs' suit against these defendants, this judgment was immediately appealable and did not need designation by the trial court to be rendered appealable.

The record reveals that no party filed a motion for judgment notwithstanding the verdict or motion for new trial within seven days of notice of the September 30, 2003, judgment. In analyzing whether the trial court could enter the amended judgment signed on October 30, 2003, we begin by reading La.Code Civ.P. art. 1951:

> A final judgment may be amended by the trial court at any time, with or without notice on its own motion or on motion of any party:
>
> (1) To alter the phraseology of the judgment, but not the substance; or
>
> (2) To correct errors of calculation.

In *Bourgeois v. Kost*, 2002-2785 (La. 5/20/03), 846 So.2d 692, the court

was called upon to decide whether the trial court had the authority to alter a prior final judgment in order to render a new judgment in conformity with the intent of the court. In finding that the trial court did not possess this authority in that case, the court stated:

> It is well settled under our jurisprudence that a judgment which has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law. The trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error. *State ex rel. Vignes v. Judge Civil District Court*, 10 So. 294, 43 La.Ann. 1169 (La.1891); *Villaume [v. Villaume]*, 363 So.2d [448] at 450-51 [(La.1978)]. Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending final judgments provided in Code of Civil Procedure Article 1951. As stated above, Article 1951 limits the amendment of judgments to the correction of errors in calculation and alteration of phraseology, but does not authorize a trial court to make substantive amendments to final judgments. Courts have uniformly held substantive amendments to judgments made without recourse to the proper procedures, i.e. by way of a timely motion for a new trial or by appeal, to be absolute nullities. *LaBove [v. Theriot]*, 597 So.2d [1007] at 1010 [(La.1992)].

846 So.2d at 696.

In the instant case, the amended judgment made substantive changes in the judgment, for instance altering the judgment in order to award judicial interest from the date of judicial demand, rather than awarding prejudgment interest as allowed by law. *See Stevenson v. State Farm*, 624 So.2d 28 (La.App. 2 Cir. 1993). Accordingly, we find that the amended judgment must be declared to be null and void. Therefore, this amended judgment was of no legal effect, and this court reinstates the judgment of September 30, 2003, as the final judgment in this matter between these parties.

Given this conclusion, then, this court is constrained to find that the plaintiffs' appeal is untimely. As stated above, the judgment of September 30, 2003, completely disposed of the plaintiffs' claims against the defendants named in that judgment. Therefore, the judgment did not have to be designated

7

as appealable by the trial court; it was immediately appealable by operation of law. Additionally, since the amended judgment was null and void, the defendants' motion for JNOV was untimely and could not extend the delays for the filing of an appeal from the September 30, 2003, judgment. Consequently, the plaintiffs' appeal filed on April 14, 2004, was also untimely, and we hereby dismiss this appeal at the plaintiffs' cost. Having found that the plaintiffs' appeal must be dismissed, we also dismiss the answer to the appeal filed on behalf of the defendants. La.Code Civ.P. art. 2133; *Weathers v. Herald Life Insurance Co.*, 284 So.2d 624 (La.App. 3 Cir. 1973). *But see State in Interest of Muse v. Ross*, 26,554 (La.App. 2 Cir. 8/4/94), 641 So.2d 721(the second circuit expressly declining to follow this court's pronouncement in *Weathers* and its progeny).

Finally, the record in this case reveals that the suspensive appeal granted to the defendants on October 29, 2003, has never been withdrawn. Therefore, we maintain the appeal in this court based on the suspensive appeal perfected by the defendants.

**AMENDED JUDGMENT DECLARED NULL; ORIGINAL JUDGMENT REINSTATED; PLAINTIFFS' APPEAL DISMISSED; DEFENDANTS' ANSWER TO APPEAL DISMISSED; DEFENDANTS' SUSPENSIVE APPEAL MAINTAINED.**